THE STATE OF OHIO, APPELLEE, *v.* HARRIS, APPELLANT.

(No. 78-1105—Decided June 6, 1979.)

258

*Mr. Stephen M. Gabalac*, prosecuting attorney, and *Mr. Carl M. Layman III*, for appellee.

*Mr. Richard L. Aynes*, for appellant.

KERNS, J. At the outset, it appears that the statutory definition of robbery, when applied to the routine facts of this cause, is sufficiently comprehensive to embrace grand theft either as an allied offense of similar import (R. C. 2941.25) or as a lesser included offense (R. C. 2943.09). Nevertheless, the issue expressly certified to this court for determination has been framed by the Court of Appeals below as follows:

"* * * [W]hether robbery, R. C. 2911.02 and theft, R. C. 2913.02, arising out of a single incident, are the same offense for purposes of the double jeopardy clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution."

A comparative outline of the various elements of robbery and grand theft[2] graphically illustrates that, under the circumstances herein, there is no element of grand theft which is not also an element of robbery. Furthermore, the same evidence proved both offenses, and this factual duplication brings into focus the test applied by this court in

---

[2]R. C. 2911.02, in pertinent part, provides:

"(A) No person, in attempting or committing a theft offense as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall use or threaten the immediate use of force against another."

R. C. 2913.01(K) reads, in pertinent part:

" 'Theft offense' means any of the following:

"(1) A violation of section * * * 2911.02 * * * [or] 2913.02 * * * of the Revised Code;"

R. C. 2913.02, in pertinent part, reads:

"(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either:

"* * *

"(4) By threat.

"(B) Whoever violates this section is guilty of theft. * * * [I]f the offender has previously been convicted of a theft offense, then violation of this section is grand theft * * *."

*State* v. *Best* (1975), 42 Ohio St. 2d 530, wherein the court stated in paragraph three of the syllabus:

"The applicable rule under the Fifth Amendment is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other. (*Blockburger* v. *United States*, 284 U. S. 299, and *Duvall* v. *Sate*, 111 Ohio St. 657, followed.)"

Since the grand theft conviction herein did not require proof of any element not required to be proved for the robbery conviction, both are the same offense for purposes of double jeopardy (*State* v. *Nelson, supra* [51 Ohio App. 2d 31]), and included within the various types of protection afforded by the double jeopardy clause is protection against multiple punishments for the same offense. *North Carolina* v. *Pearce* (1969), 395 U. S. 711, 717.

Hence, the judgment of the Court of Appeals is modified to vacate appellant's sentence of from two to five years on the grand theft conviction, and, as modified, it is hereby affirmed.

*Judgment accordingly.*

Celebrezze, C. J., Herbert, W. Brown, Sweeney, Locher and Holmes, JJ., concur.

Kerns, J., of the Second Appellate District, sitting for P. Brown, J.