THE STATE OF OHIO, APPELLANT, *v.* JOHNSON, APPELLEE.

[Cite as State *v.* Johnson (1983), 6 Ohio St. 3d 420.]

(No. 82-657—Decided August 31, 1983.)

*Mr. John E. Shoop,* prosecuting attorney, *Mr. Judson J. Hawkins, Mr. Gregory C. Sasse* and *Mr. Robert W. LaForce,* for appellant.

*Messrs. Purola & Savage* and *Mr. Albert L. Purola,* for appellee.

J. P. CELEBREZZE, J. The Double Jeopardy Clause is contained in the Fifth Amendment to the United States Constitution which provides, in part, "* * * nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." This prohibition has been held to be applicable to the states by operation of the Fourteenth Amendment. *Benton* v. *Maryland* (1969), 395 U.S. 784, 794. Moreover, the Ohio Constitution contains a similar protection in Section 10, Article I which states, "* * * [n]o person shall be twice put in jeopardy for the same offense."

It is established that there are three protections offered by the Double Jeopardy Clause to the criminal defendant: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense. *North Carolina* v. *Pearce* (1969), 395 U.S. 711, 717.

It is the state's position that the second of those protections was improperly invoked and applied in this case. In support of this position, the state advances a two-pronged argument. First, it maintains that the offenses of murder and involuntary manslaughter and the offenses of aggravated robbery and theft are not the same for double jeopardy purposes. Second, citing the cases of *Jeffers* v. *United States* (1977), 432 U.S. 137, and *United States* v. *Goldman* (C.A. 3, 1965), 352 F. 2d 263, it asserts that the appellee was not subjected to multiple prosecutions in that he was properly charged with all four offenses in a single indictment and that he chose to artificially bifurcate the proceedings by pleading guilty to some of the offenses and not guilty to the others. In summary, the state asserts that a criminal defendant charged with multiple crimes should not be permitted to manipulate the timing of the proceedings in such a manner as to avoid prosecution for the more serious charges by pleading guilty to the lesser offenses and then claiming a double jeopardy bar as to the others.

The state's position rests upon the argument that the essential issue in this case is one of timing. Accordingly, it maintains that were it not for the trial court's erroneous acceptance of a partial guilty plea over prosecutorial objections, the case would have proceeded to trial and the appellee could have been convicted of all four counts of the indictment.

Upon careful consideration of the record below as well as the applicable statutory and case law, we find this position to be untenable. We agree with the appellant that this case does not involve successive prosecutions such as to warrant the application of the collateral estoppel principles set forth in *Ashe* v. *Swenson* (1970), 397 U.S. 436, and its progeny. Rather, this case concerns the third double jeopardy protection prohibiting multiple punishments for the same offense. In reviewing and applying this protection, it is our conclusion that the appellee could not have been convicted of all the charges against him regardless of the timing of the trial court's acceptance of his pleas.

Where an accused is charged with more than one statutory violation and

the double jeopardy prohibition against multiple punishments for the same offense is invoked, the standard test to be applied in determining whether the offenses are sufficiently distinguishable is the one enunciated in *Blockburger* v. *United States* (1932), 284 U.S. 299, 304:

"* * * The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. * * *"

This test stresses the commonality of the elements of the offenses charged and generally forbids cumulative punishments for both a greater and a lesser included offense. *Brown* v. *Ohio* (1977), 432 U.S. 161, 164-166. It is noteworthy, however, that the two offenses need not be identical in constituent elements or in actual proof in order to be the same for double jeopardy purposes. *Id.* at 164.

The General Assembly has further effectuated the principles contained in the Double Jeopardy Clause by means of R.C. 2941.25, the multiple count statute. *State* v. *Thomas* (1980), 61 Ohio St. 2d 254, 259-260 [15 O.O.3d 262]. This statute provides:

"(A)  Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B)  Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

As in *Blockburger,* this statute involves comparing the elements of the various statutory offenses with which the defendant is charged. Allied offenses of similar import are those offenses which have elements corresponding to such a degree that the commission of one offense will result in the commission of the other. *State* v. *Logan* (1979), 60 Ohio St. 2d 126, 128 [14 O.O.3d 373]. Where the offenses are allied, the defendant may not be convicted of them all unless they were committed separately or with a separate animus as to each. R.C. 2941.25 (B).

In this case, the appellee was charged with both aggravated robbery and theft. "Aggravated robbery" was defined in R.C. 2911.01 as follows[1]:

"(A)  No person, in attempting or committing a theft offense as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall do either of the following:

"(1)  Have a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code on or about his person or under his control;

---

[1] R.C. 2911.01, as well as R.C. 2911.02, 2913.02 and 2903.04, *infra,* were amended effective January 5, 1983.

"(2) Inflict, or attempt to inflict serious physical harm on another.

"(B) Whoever violates this section is guilty of aggravated robbery, a felony of the first degree."

"Theft" was defined in R.C. 2913.02:

"(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either:

"(1) Without the consent of the owner or person authorized to give consent;

"(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

"(3) By deception;

"(4) By threat.

"(B) Whoever violates this section is guilty of theft. * * *"

This court has previously held that where theft does not require the proof of any element not required to be proved for the offense of robbery as defined in R.C. 2911.02,[2] they are the same offense for double jeopardy purposes. *State* v. *Harris* (1979), 58 Ohio St. 2d 257 [12 O.O.3d 265]. We believe that the same reasoning applies in the case of theft and aggravated robbery.

The Committee Comment to R.C. 2911.01 indicates that theft is the basic element of robbery with the principal difference between the offenses being that robbery involves an element of actual or threatened personal harm to the victim. The seriousness of the robbery is determined by the degree of actual or potential harm with aggravated robbery involving the highest degree. The element of potential harm to the victim is present in this case due to the appellee's use of a deadly weapon. Therefore, it is apparent that in proving the offense of aggravated robbery the underlying theft offense is also demonstrated. Accordingly, the court below did not err in finding that the prohibition against multiple punishments for the same offense forbade appellee's conviction for both offenses.

Appellee was also charged with both murder and involuntary manslaughter. The former offense is defined in R.C. 2903.02:

"(A) No person shall purposely cause the death of another.

"(B) Whoever violates this section is guilty of murder, and shall be punished as provided in section 2929.02 of the Revised Code."

Involuntary manslaughter was defined in R.C. 2903.04:

"(A) No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit a felony.

"(B) No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit a misdemeanor.

"(C) Whoever violates this section is guilty of involuntary man-

---

[2] R.C. 2911.02 provided:

"(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall use or threaten the immediate use of force against another.

"(B) Whoever violates this section is guilty of robbery, a felony of the second degree."

slaughter. Violation of division (A) of this section is a felony of the first degree. Violation of division (B) of this section is a felony of the third degree."

Clearly, the common element shared by these two offenses is the causing of the death of another with the only distinguishing factor being the mental state involved in that act. Murder is the more serious offense in that it involves the purposeful killing of another. Involuntary manslaughter involves a lesser mental state as it is a killing which proximately results from the defendant's committing or attempting to commit another offense.[3] It is manifestly obvious that these two states are mutually exclusive and that in any given killing the offender may be possessed of only one. Under the *Blockburger* analysis, the possibility of proving a fact for one offense which is not required under the other is excluded. As such, in any case where there is but one victim, the accused may be found guilty of either murder or involuntary manslaughter but certainly not both.

In this case, appellee entered a plea of guilty to the charge of involuntary manslaughter and not guilty to murder. After briefly hearing the facts underlying the charges, the trial court accepted this plea and thereafter properly dismissed the murder charge on double jeopardy principles. The state cannot now be heard to complain about this result as it created the problem by charging the accused with double offenses where only one conviction was possible.

Based upon the foregoing analysis, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., KEEFE, SWEENEY, HOLMES and C. BROWN, JJ., concur.

LOCHER, J., dissents.

KEEFE, J., of the First Appellate District, sitting for W. BROWN, J.

LOCHER, J., dissenting. As I am convinced that the majority has misapplied the Double Jeopardy Clause in the present action, I must respectfully dissent.

It is beyond dispute that a defendant found guilty of a lesser included offense but acquitted on the greater charge may not, consonant with the mandates of the double jeopardy prohibition, be retried on the latter. The same result does not follow, however, where, as in the case at bar, defendant pleaded to the lesser offense and the greater was consequently dismissed

---

[3] Where an offender commits a purposeful murder while committing or attempting to commit a felony, he is properly charged with aggravated murder under R.C. 2903.01.

without trial. To date, all federal circuit courts of appeals that have addressed the legal issue present in such a scenario have held that a party may be retried as to the greater offense when the original judgment has been set aside. *Hawk* v. *Berkemer* (C.A. 6, 1979), 610 F. 2d 445; *Lowery* v. *Estelle* (C.A. 5, 1983), 696 F. 2d 333; *United States* v. *Barker* (C.A. 9, 1982), 681 F. 2d 589; *Klobuchir* v. *Commonwealth of Pennsylvania* (C.A. 3, 1981), 639 F. 2d 966; *United States* v. *Myles* (D.D.C. 1977), 430 F. Supp. 98, affirmed without opinion (C.A.D.C. 1978), 569 F. 2d 161; *United States* v. *Williams* (C.A. 8, 1976), 534 F. 2d 119; *United States* v. *Johnson* (C.A. 4, 1976), 537 F. 2d 1170; *United States* v. *Anderson* (C.A. 7, 1975), 514 F. 2d 583; *United States, ex rel. Williams,* v. *McMann* (C.A. 2, 1970), 436 F. 2d 103; *Ward* v. *Page* (C.A. 10, 1970), 424 F. 2d 491.

In reaching their decisions, these federal appellate courts have essentially followed a two-step process of analysis. First, they have held that in the context of multiple trials for the same offense, the principle of double jeopardy is not implicated unless an attempt has been made to retry a party on a charge for which he has already been acquitted. *Lowery* v. *Estelle, supra,* at 340; *Hawk* v. *Berkemer, supra,* at 447; *Ward* v. *Page, supra,* at 493. Secondly, relying upon the United States Supreme Court's decision in *United States* v. *Scott* (1978), 437 U.S. 82, the courts have ruled that where a charge on an offense has been dismissed as a result of a plea to a lesser included offense, defendant has *not* been acquitted of the greater. *Klobuchir* v. *Commonwealth of Pennsylvania, supra,* at 969; *United States* v. *Barker, supra,* at 591. As the court stated in *Scott, supra,* at 97, quoting *United States* v. *Martin Linen* (1977), 430 U.S. 564, 571:

"* * * [A] defendant is acquitted only when 'the ruling of a judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged.' "

The province of the jurisprudential philosophy expressed in the aforementioned decisions is manifest, given the underlying policy of the double jeopardy guarantee. Clearly, the primary objective of this constitutional right is to proscribe the physical, emotional and financial "harassment" of parties through repeated prosecutions for the same criminal offense. *Green* v. *United States* (1957), 355 U.S. 184; *State* v. *Thomas* (1980), 61 Ohio St. 2d 254. The policy is not violated where the defendant has not truly "run the judicial gauntlet" and, indeed, has voluntarily chosen, by pleading guilty, to end all inquiry into his guilt and where no prosecutorial misconduct, necessitating the retrial, is either present or alleged.

By improperly accepting, over the prosecution's objections, appellee's guilty plea to lesser charges, based on its own misunderstanding of the effect such pleas would have on subsequent jury instructions,[4] the trial court clearly

---

[4] The trial court wrongly concluded that appellee's guilty plea to the lesser offense operated to activate his double jeopardy protections and would have precluded the rendition of jury in-

abused the discretion granted it under Crim R. 11(C)(2).[5] Therefore, appellant is entitled to vacation of the earlier judgment and trial of appellee on the murder charge. Such a result would be consistent with current constitutional standards and would in no way contravene the policy underlying the Double Jeopardy Clause. The prosecution acted in good faith by bringing all possible charges against appellee in a single proceeding and, but for the court's error, all relevant issues of criminal culpability would have been resolved therein.

The majority also errs in the case at bar when it writes that the United States Supreme Court's pronouncement in *Blockburger* v. *United States* (1932), 284 U.S. 299, establishes the standard for determining whether offenses are "sufficiently distinguishable" to avoid the double jeopardy prohibition against multiple punishments for the same offense. This court explicitly repudiated such an argument in *State* v. *Moss* (1982), 69 Ohio St. 2d 515 [23 O.O.3d 447], where we held that the *Blockburger* test is merely a rule of statutory construction and is not to be used alone to divine legislative intent where other tests may be utilized to discern such intent. The majority simply ignores restrictions so recently placed on the applicability of *Blockburger* to double jeopardy questions involving alleged multiple punishments.

Thus, on the basis of the aforementioned reasons, I dissent from today's opinion which affirms the erroneous ruling of the court of appeals.

---

structions on such offenses were the case to have proceeded to trial. By pleading guilty to the offenses, however, appellee effectively waived his right to a charge on such offenses as his plea represented an admission of culpability. See *Forthoffer* v. *Swope* (C.A. 9, 1939), 103 F. 2d 707. Thus, this court's holding in *State* v. *Loudermill* (1965), 2 Ohio St. 2d 79 [31 O.O.2d 60], was inapposite to the trial court's decision herein.

[5] Crim. R. 11 (C)(2) provides, in pertinent part: "In felony cases the court may refuse to accept a plea of guilty * * *."