## State v. Johnson
*[Cite as 4 AOA 483]*

*Case No. 13-121*
*Lake County, (11th)*
*Decided June 29, 1990*

Albert L. Purola, 37742 Euclid Avenue, Willoughby, Ohio 44094, for Defendant-Appellant.

Steven C. Latourette, County Prosecutor.

James F. Mona, Assistant Prosecutor, Lake County Courthouse, 47 North Park Place, P. O. Box 490, Painesville, Ohio 44077, for Plaintiff-Appellee.

MAHONEY, J.

The parties agree on the following procedural history of the case now on appeal.

In 1979, appellant, Kenneth Johnson, was indicted on four counts involving two pairs of offenses. Count one was for the murder of Thomas Hill, and count two was for the involuntary manslaughter of Thomas Hill. Count three was a charge of aggravated robbery involving the theft of Hill's property while armed with a gun, and count four was for the theft itself.

Appellant entered pleas of guilty to counts two and four and not guilty to counts one and three. The trial court accepted the pleas, over objections from the state, and sentenced the appellant to three to ten years on the manslaughter charge and two to five years on the theft charge to be served consecutively.

Appellant moved to dismiss the remaining two counts of the charge (murder and aggravated robbery) based on double jeopardy. The Lake County Common Pleas Court granted appellant's motion to dismiss. The trial court's decision was affirmed on appeal by this court and by the Ohio Supreme Court. *State* v. *Johnson* (1983), 6 Ohio St. 3d 420. Meanwhile, the appellant was in

prison serving his consecutive sentences of three to ten years of two to five years handed down by the trial court.

The state appealed the Ohio Supreme Court decision to the United States Supreme Court which reversed the Ohio court's decision and held that the United States Constitution did not prohibit further prosecution of the appellant. *Ohio* v. *Johnson* (1984), 467 U.S. 493.

By the time the legal proceedings wound their way back to the Lake County Common Pleas Court, the appellant had served four years in prison and was released on parole. He was eventually discharged from parole, and he now lives and works in Tennessee.

Once the case was back in the trial court, the appellant entered pleas of guilty to aggravated robbery and involuntary manslaughter, which has been reduced from murder pursuant to a plea agreement with the Lake County prosecutor.

The appellant was sentenced to terms of five to twenty-five years each on the involuntary manslaughter and aggravated robbery charges. Those sentences were made concurrent with each other and concurrent with the sentences previously imposed by the trial court on counts two and four in the indictment. Full credit for all time served was also given by the court.

The trial court rejected the appellant's argument that any sentence on the second two charges would violate the multiple counts statute in Ohio.

Appellant timely filed a notice of appeal with the following assignments of error:

"1. The sentence for involuntary manslaughter and for aggravated robbery presently under review is void by virtue of R.C. 2941.25.

"2. The trial court's conclusion that probation for the sentences under review was precluded by R.C. 2951.02(F)(3) is in violation of the Double Jeopardy Clause of the United States and Ohio Constitutions."

In the first assignment of error, appellant asserts that the sentence imposed for involuntary manslaughter and aggravated robbery is void pursuant to the Ohio multiple counts statute, R.C. 2941.25. The appellant argues that he has already been convicted and sentenced for the exact same conduct involving the same incident. R.C. 2941.25 provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such

offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

In the present case, the appellant has previously been convicted of, and sentenced for, the involuntary manslaughter of Thomas Hill. He has also been convicted of, and sentenced for, theft of Hill's property. The appellant has served his prison time and has been released from parole.

Following the United States Supreme Court decision in this case, the remaining charges were reinstated against the appellant. He pleaded guilty to the involuntary manslaughter for a second time involving the same shooting of Thomas Hill that he pleaded guilty to the first time.

Similarly, the appellant, in his most recent encounter with the courts, pleaded guilty to aggravated robbery based on the same crime that he had already served time for after pleading to the original theft charge. The appellant contends that R.C. 2941.25 prohibits the trial court from sentencing him on these two subsequent charges that he pleaded guilty to because he has already been sentenced for the same conduct.

It is clear that under R.C. 2941.25 a defendant cannot be convicted of two or more allied offenses of similar import. To do so would violate the third protection offered by the double jeopardy clause, that being the protection against multiple punishments for the same offense. *North Carolina* v. *Pearce* (1969), 395 U.S. 711.

In the case *sub judice*, the two charges of involuntary manslaughter that the appellant pleaded guilty to resulted from the singular act of firing one shot at Thomas Hill. There was one crime committed and the appellant had a single animus. Obviously, these were allied offenses of similar import within the meaning of R.C. 2941.25.

Likewise, the theft and aggravated robbery charges resulted from one act of theft of Thomas Hill's property. The Ohio Supreme Court has already determined in this case that those two charges were allied offenses of similar import. *State* v. *Johnson, supra.* Therefore, the appellant could not have been convicted  twice for the

death of Thomas Hill, nor twice for the theft of Thomas Hill's property.

Ohio courts have consistently held that multiple convictions for allied offenses of similar import are impermissible. *State* v. *Baer* (1981), 67 Ohio St. 2d 220; *State* v. *Osborne* (1976), 49 Ohio St. 2d 135; *Maumee* v. *Geiger* (1976), 45 Ohio St. 2d 238. These holdings prohibit the sentencing of the appellant in the present case in that he has already been convicted, sentenced, and served his time for these same crimes.

The state argues that it was appellant's own legal maneuvering that has prevented the normal application or R.C. 2941.25. The state asserts that the trial court properly treated the four pleas as though they were entered at the same time and that R.C. 2941.25 was not violated because the later sentences were made concurrent with the prior sentences and, in addition, the appellant was given credit for time served.

Further, the state claims that the holding of the United States Supreme Court in the present case, *Ohio* v. *Johnson, supra,* would have no meaning or effect if the appellant was not sentenced again. The appellant would have succeeded in doing what he set out to do in 1979.

Although this particular defendant may have succeeded in outmaneuvering the system in this case, it is only because he has already served his time. If his sentence had been stayed pending appeal, he now would have to face the trial court's choice of sentences. In addition, the holding of the United States Supreme Court in *Johnson, supra,* is not stripped of its meaning or effect as to all defendants who entered the criminal justice system subsequent to its release.

The appellant's first assignment of error is well taken.

In appellant's second assignment of error, he contends that the trial court's conclusion that probation was precluded by R.C. 2951.02(F)(3) violates the double jeopardy clause of the United States and Ohio constitutions.

The record is void, however, of any indication that the trial court dismissed the possibility of probation because of R.C. 2151.02(F)(3). The granting of probation is within the trial court's discretion and there is nothing in the record that suggests abuse of that discretion.

The appellant's second assignment of error is without merit.

For the reasons stated herein, the judgment of the trial court is reversed, and the within cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

CHRISTLEY, P.J., and FORD, J., concur.