JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, the City of Cleveland ("City"), appeals the decision of the trial court suppressing statements made by the appellee to attending medical personnel and any oral statements made to the police officers because they were not properly disclosed during discovery. For the reasons set forth below, we affirm the decision of the trial court.
 {¶ 2} On January 15, 2000, the defendant-appellee, Cornel Otonoga ("Otonoga") was involved in a motor vehicle accident. As a result of the accident, Otonoga was seriously injured and was transported to the hospital by the Cleveland EMS squad. While Otonoga was in the hospital, blood and urine samples were taken for testing to determine his blood alcohol and drug content. Because of the results of the blood and urine tests, Otonoga was charged with driving under the influence of alcohol or drugs, pursuant to Cleveland Cod. Ord. 433.01(A)(1); driving under the influence of alcohol or drugs with prohibited blood level, pursuant to Cleveland Cod. Ord. 433.01(A)(2); seatbelt violation, pursuant to Cleveland Cod. Ord. 437.27(B)(1); and failure to control, pursuant to Cleveland Cod. Ord. 431.34(A). He pleaded not guilty to all of the charges and the case was set for trial.
 {¶ 3} Otonoga filed a motion to suppress the test results, and the prosecution stipulated that the blood sample should be suppressed. The trial court conducted a suppression hearing based solely on the urine sample obtained. At the conclusion of the suppression hearing, the trial court granted Otonoga's motion to suppress; however upon the City's motion to reconsider, the trial court vacated its previous order and admitted the urinalysis results. As a result of the motion for reconsideration, Otonoga changed his plea to no contest to both DUI counts, and the City nolled the remaining charges.
 {¶ 4} Otonoga then appealed the trial court's admittance of the urinalysis results claiming insufficient evidence to establish the proper chain of custody (App. No. 78656). This court determined that the City failed to produce evidence reasonably certain to establish that the proper chain of custody remained substantially intact and concluded that the trial court erred by denying the appellee's motion to suppress the urine results.
 {¶ 5} On remand, the trial court re-entertained Otonoga's prior motion to suppress all medical communications and records arising out of the incident of January 15, 2000. In addition, the City sought to introduce testimony from medical staff and from officers involved in the incident as to statements made by Otonoga at the time of the accident.
 {¶ 6} The trial court ruled that all statements made by Otonoga to medical personnel and police officers establishing his use of drugs and/or alcohol at the time of the incident must be excluded since they are either privileged or were not properly disclosed by the City during discovery.
 {¶ 7} The City now appeals and asserts the following three assignments of error:
 {¶ 8} "I. The trial court erred when it suppressed statements made between the appellee and EMS personnel."
 {¶ 9} "II. The trial court erred when it excluded evidence of police officer's testimony either in limine or by suppression regarding oral statements made to them by the appellee for failing to comply with Crim.R. 16 for not reducing them to writing."
 {¶ 10} "III. The trial court erred when it entertained the appellee's motion to suppress which did not conform with Crim.R. 47."
 {¶ 11} The City contends that the trial court abused its discretion by suppressing any statements made by the appellee to the EMS personnel because the testimony falls outside of the physician-patient privilege.
 {¶ 12} Appellant's first assignment of error need not be addressed by this court since this proposed evidence was found to be privileged communications by way of stipulation between the prosecutor and defense counsel, on the record, before the court, and during the disposition of appellee's motion to suppress. The prosecution is therefore bound by the prior stipulation.
 {¶ 13} In its second assignment of error, the City maintains that the trial court abused its discretion in excluding statements made by the appellee to police officers on the night of the incident. Appellant's second assignment of error is without merit.
 {¶ 14} "The purpose of discovery rules is to prevent surprise and the secreting of evidence favorable to one party. The overall purpose is to produce a fair trial." Lakewood v. Papadelis (1987), 32 Ohio St.3d 1,3.
 {¶ 15} Under Crim.R. 16(B)(1)(a), the prosecution was obliged:
 {¶ 16} "* * * to permit the defendant to inspect and copy or photograph any of the following which are available to, or within the possession, custody or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney:
 {¶ 17} "(i) Relevant written or recorded statements made by the defendant or co-defendant, or copies thereof;
 {¶ 18} "(ii) Written summaries of any oral statement or copies thereof made by the defendant or co-defendant to a prosecuting attorney or any law enforcement officer."
 {¶ 19} Crim.R. 16(E)(3) grants the trial court broad discretion for discovery non-compliance:
 {¶ 20} "The court may order such [non-complying] party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances * * *."
 {¶ 21} When a party fails to follow the proper discovery procedures, the trial court is vested with a certain amount of discretion in determining the sanction to be imposed upon a party's non-disclosure of materials. State v. Parson (1983), 6 Ohio St.3d 422, 445. "The court is not bound to exclude such material at trial although it may do so at its option." Id. at 445. The standard of review for discovery non-compliance is whether the trial court abused its discretion in determining the sanction imposed. Id. at 445; State v. Wiles (1991),59 Ohio St.3d 71, 78.
 {¶ 22} The Supreme Court of Ohio, in Parson, endorsed a three-part test to determine an abuse of discretion: (1) was the prosecution's failure to disclose willful; (2) would foreknowledge of the statement have benefitted the defendant in preparing her defense, and (3) would defendant have been prejudiced by admission of the statement. Parson,
supra, at syllabus.
 {¶ 23} In applying these standards to the issue in question, this court must conclude that the actions of the trial court did not amount to an abuse of discretion. The record reflects that the prosecution, in its initial discovery and then again through supplemental discovery, stated that the defendant did not make a written statement. In addition, the prosecution failed to mark the box on the discovery sheet which would suggest that the appellee made any oral statements.
 {¶ 24} In the case sub judice, the appellee was in and out of consciousness as a result of the accident; thus, the appellee and his counsel were not aware of any statements made during the incident. Because the prosecution failed to inform the appellee or his counsel of the content of the officers' testimony until the day of trial, the trial court did not abuse its discretion by excluding the testimony from the case.
 {¶ 25} Based upon this court's review of the appellant's first assignment of error, the third assignment of error is hereby rendered moot.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate
pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and ANNE L. KILBANE, J., concur.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).