OPINION.
{¶ 1} Dudley Colquitt appeals from his conviction in the Montgomery County Common Pleas Court of robbery in violation of R.C.2911.02(A)(3) pursuant to his no contest plea.
 {¶ 2} In a single assignment of error, Colquitt contends the trial court erred in overruling his motion to dismiss the indictment charging him with robbery on double jeopardy grounds. In his motion, Colquitt contended that the robbery indictment should be dismissed because he had already been convicted of resisting arrest and unauthorized use of property arising out of the same incident giving rise to the robbery indictment.
 {¶ 3} In its response motion, the State submitted that the following facts gave rise to the robbery indictment.
 {¶ 4} On June 26, 2002, the defendant, Dudley Lamont Colquitt entered the Wal-Mart located at 8480 Springboro Pike in Miamisburg. He entered the Auto Department where he was observed by Loss Prevention Officer (LPO) John W. Richie. The defendant was observed selecting two GE 880 replacement bulbs and hiding one in his rear pants pocket and one in his front right pants pocket. LPO Richie observed the defendant then exit the store through the Tire Lube and Express Exit without making any attempt to pay for the items. LPO Richie approached the defendant outside and identified himself. He asked defendant to return the store items at which point Colquitt began to push him in the chest and stomach area. Defendant then began swinging wildly at LPO Richie, striking him several times in the arms. Colquitt refused to come back into Wal-Mart and continued to swing at LPO Richie and eventually fled on foot.
 {¶ 5} Richie radioed management for assistant. Management dialed 911. Richie chased defendant to the metro bus depot lawn. Two other Wal-Mart associates joined him there. Defendant continued to refuse to cooperate and was eventually taken to the ground by Wal-Mart personnel while they awaited the arrival of the police.
 {¶ 6} When Officer Brandon Young arrived he was flagged down at the RTA South Hub. He observed Richie and two other employees holding the defendant on his knees pinned up against a light pole. Young placed a handcuff on defendant's right arm and told him to stop fighting and put his hands behind his back. Defendant kept trying to stand. Young told him to stop or he would be sprayed. Defendant kept struggling and would not put his hands behind his back. Young sprayed Colquitt with his OC spray. Another officer arrived and defendant was taken to the ground onto his stomach. He continued to struggle and was sprayed a second time. After this Colquitt stopped resisting and was placed under arrest.
 {¶ 7} In overruling Colquitt's motion, the trial court noted that each of the offenses for which Colquitt was charged contained statutory elements distinct from the others and accordingly the defendant would not be subjected to double jeopardy if he was prosecuted on the pending charge of robbery.
 {¶ 8} For purposes of this appeal, Colquitt has stipulated to the facts as set out in the State's response to his motion to dismiss. Colquitt argues that his conviction for unauthorized use of property precluded the State from prosecuting him on the robbery indictment because the crime of unauthorized property does not require proof of any element not required to be proved for a conviction of robbery. In support of his argument, Colquitt cites us to the case of State v. Harris (1979),58 Ohio St.2d 257. In Harris, the Ohio Supreme Court held that where a conviction of grand theft in violation of R.C. 2913.02 does not require proof of any element not required to be proved for a conviction of robbery in violation of R.C. 2911.02, both are the same offense for purposes of double jeopardy. Judge Kerns noted at page 258 that a comparative outline of the various elements of robbery and grand theft graphically illustrates that, under the circumstances herein, there is no element of grand theft which is not also an element of robbery. Judge Kerns noted at page 259:
 {¶ 9} "Since the grand theft conviction herein did not require proof of any element not required to be proved for the robbery conviction, both are the same offense for purposes of double jeopardy. (State v. Nelson, supra, [51 Ohio App.2d 31]), and included within the various types of protection afforded by the double jeopardy clause is protection against multiple punishments for the same offense. NorthCarolina v. Pearce (1969), 395 U.S. 711, 717."
 {¶ 10} In State v. Carter (2000), 89 Ohio St.3d 593, the Ohio Supreme Court held that theft is not a lesser included offense of aggravated robbery because aggravated robbery can be committed without theft, as statutorily defined, also being committed. The court noted that aggravated robbery can be committed in the course of an "attempted theft" while theft requires the accused to actually obtain or exert control over the property or services of another.
 {¶ 11} While Carter does not expressly overrule Harris, the rationale adopted the Carter court effectively overrules that prior opinion. The State argues that it is possible to commit a robbery without also committing the offense of unauthorized use of property. We agree. As statutorily defined, robbery can be committed in the course of an attempted theft. The offense of unauthorized use of property, R.C.2913.04(A) requires that a person knowingly use or operate the property of another without the consent of the owner or person authorized to give consent. Robbery can be committed without using or operating the property of the owner or the person authorized to give consent. Accordingly, R.C.2913.04(A) is not a lesser included offense of robbery, and the defendant could be convicted of both offenses without offending the double jeopardy provisions of the United States or Ohio Constitutions. This assignment of error is overruled.
 {¶ 12} In his second assignment, Colquitt argues that the trial court erred in finding that he would be subjected to double jeopardy because his conviction for robbery subjected him to multiple punishments. Colquitt reiterates the same arguments he advanced in the first assignment.
 {¶ 13} In Ohio, it is unnecessary to resort to the Blockburger test in determining whether cumulative punishments imposed for more than one offense resulting from the same criminal conduct violate the federal and state constitutional provisions against double jeopardy. Instead, R.C. 2941.25's two step test answers the General Assembly's intent to permit, in appropriate cases, cumulative punishments for the same conduct. State v. Rance (1999), 85 Ohio St.3d 632, at syllabus 3.
 {¶ 14} R.C. 2941.25 governs allied offenses of similar import, and provides:
 {¶ 15} "(A) Where same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 16} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 17} Justice Cook noted in Rance, supra, at 638-639:
 {¶ 18} "Under an R.C. 2941.25(A) analysis the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract. * * * Courts should assess, by aligning the elements of each crime in the abstract, whether the statutory elements of the crime "correspond to such a degree that the commission of one crime will result in the commission of the other." * * *And if the elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus. R.C. 2941.25(B); * * *."
 {¶ 19} As we stated earlier an abstract comparison of the statutory elements of robbery and unauthorized use of property demonstrates that the commission of one will not automatically result in the commission of the other; consequently, that are not allied offenses of similar import. Rather, robbery and unauthorized use of property are offenses of dissimilar import. Colquitt's separate sentence for both robbery and unauthorized use of property did not violate R.C. 2941.25 or the constitutional guarantees against double jeopardy. The second assignment of error is likewise overruled.
 {¶ 20} The judgment of the trial court is Affirmed.
FAIN, P.J., and WOLFF, J., concur.