[Cite as *State v. Cook*, 2011-Ohio-5156.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95987**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CALVIN COOK

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART; VACATED IN PART;
AND REMANDED FOR RESENTENCING

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-535961

**BEFORE:** Celebrezze, J., Kilbane, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** October 6, 2011

**ATTORNEY FOR APPELLANT**

Michael P. Maloney
24441 Detroit Road
Suite 300
Westlake, Ohio   44145


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Gregory Mussman
        Andrew Rogalski
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., J.:

{¶ 1}   Appellant, Calvin Cook, appeals his convictions for kidnapping, aggravated robbery, and theft.   He claims his convictions were not supported by sufficient evidence, were against the manifest weight of the evidence, and that his trial was tainted by impermissible other acts evidence.   After a thorough review of the record and pertinent law, we affirm the finding of guilt, but vacate appellant's sentence and remand the case for merger of allied offenses and resentencing accordingly.

{¶ 2}   After being bound over from the juvenile court, a jury trial of appellant and co-defendant Derek Warner commenced on October 12, 2010.   Appellant was charged with one count of felonious assault (R.C. 2903.11(A)(2)); two counts each of aggravated

burglary (R.C. 2911.11(A)(1) and (A)(2)), kidnapping (R.C. 2905.01(A)(2) and (B)(2)), aggravated robbery (R.C. 2911.01(A)(1) and (A)(3)), and theft (R.C. 2913.02(A)(1) and (A)(4)) — all with one- and three-year firearm specifications. Trial testimony indicates the following events took place.

{¶ 3} On November 10, 2009, Shernel Wilson, the victim in this case, was visiting Brittany Lester at her home on Ridpath Avenue in Cleveland, Ohio. Wilson testified that he was new to Cleveland and had met Lester at a club downtown. He stated he was in Lester's bedroom talking and relaxing while others in the home migrated back and forth between the bedroom and the living room, talking. Dwayne Cook[1] testified that he was in Lester's living room that night with her sister and another woman named Jasmine. He stated that after Wilson arrived and went into Lester's bedroom, Warner arrived. Warner, known as "Lil' D," stayed for a while until an argument began between him and Lester about so many people being in the house.

{¶ 4} Wilson testified that Warner caused a disturbance that appeared to him to make everyone who was in the bedroom go to the living room except Wilson.[2] While Wilson was alone in the bedroom, another male entered through the back door adjacent to the bedroom and then walked into the bedroom. Wilson testified that the individual, who he later identified as appellant, stuck a gun in his face and, in hushed tones, demanded

---

[1] Cook is not related to appellant.

[2] Wilson testified that he was dozing off because he had just finished working a shift at his job as an air traffic controller.

Wilson's money and jewelry. During the three-to-five minute robbery, appellant took Wilson's cell phone, diamond pinky ring, diamond watch, and approximately $70. After some time, Wilson shouted for appellant not to kill him and to remain calm, and the others in the living room heard his pleas. Wayne Cook testified that he looked down the hallway in time to see a man dressed in black clothing leave through the back door. Wilson testified that Warner left with appellant, but Cook's testimony contradicted this. Lester then called the police and reported the robbery.

{¶ 5} Cleveland police officers were able to gather enough information to identify two suspects, "Mookie" and "Lil' D." From prior contact, Cleveland Police Detective Michael Benz was able to link the street name "Mookie" to appellant. Detective Benz arranged a photo lineup on November 25, 2009, where Wilson immediately identified appellant as the gunman.

{¶ 6} At the conclusion of the state's case, the trial court granted Warner's Crim.R. 29 motion on all counts, and trial proceeded solely against appellant. Trial concluded with the jury finding appellant guilty of both counts of kidnapping, one count of aggravated robbery in violation of R.C. 2911.01(A)(1), and both counts of theft.

{¶ 7} At the October 26, 2010 sentencing hearing, the trial court ordered appellant to pay restitution in the amount of $2,100 to Wilson. The trial court found that the two counts of kidnapping were allied offenses and that they should merge. It then ordered appellant to serve an aggregate prison term of 10 years — seven years each on the kidnapping and aggravated robbery convictions and 12 months on the theft conviction; all

to be served concurrently, but consecutively to three years for the firearm specifications. The trial court's journal entry does not indicate that the kidnapping charges merged, but imposed concurrent sentences on each count. The trial court also imposed concurrent sentences on both theft counts.

{¶ 8} Appellant timely filed the instant appeal assigning three errors for our review.

## Law and Analysis

## Sufficiency and Manifest Weight

{¶ 9} In his first and second assignments of error, appellant argues that "[t]he trial court erred in denying [his] Crim.R. 29 motion for acquittal when there was insufficient evidence to prove the identification of appellant[,]" and that his convictions were against the manifest weight of the evidence.

{¶ 10} Under Crim.R. 29, a trial court "shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, at the syllabus. "A motion for judgment of acquittal under Crim.R. 29(A) should be granted only where reasonable minds could not fail to find reasonable doubt." *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 23, 514 N.E.2d 394.

{¶ 11} Thus, the test an appellate court must apply in reviewing a challenge based on a denial of a motion for acquittal is the same as a challenge based on the sufficiency of

the evidence to support a conviction. See *State v. Bell* (May 26, 1994), Cuyahoga App. No. 65356. In *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, the Ohio Supreme Court set forth the test an appellate court should apply when reviewing the sufficiency of the evidence:

{¶ 12} "[T]he relevant inquiry on appeal is whether any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. In other words, an appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Eley* [(1978), 56 Ohio St.2d 169, 383 N.E.2d 132]." See, also, *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct 2781, 61 L.Ed.2d 560.

{¶ 13} In reviewing a claim challenging the manifest weight of the evidence, "[t]he question to be answered is whether there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." (Internal quotes and citations omitted.) *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶81.

{¶ 14} Appellant was convicted of kidnapping, aggravated robbery, and theft. He does not debate the adequacy of the evidence on the individual elements of these crimes, but argues that there is insufficient evidence that he was the perpetrator.

{¶ 15} Appellant asserts that it was not established that he was the person who entered Lester's bedroom that night and robbed Wilson at gunpoint. However, Wilson testified that appellant entered the bedroom without anything covering his face. He further testified that the robbery lasted three to five minutes and that during that time he had a clear view of appellant's face. Wilson also was able to identify appellant in open court as the person who stole his watch, ring, cell phone, and money. This identification was corroborated by Wilson's identification of appellant in a six-picture photo array set up by Detective Benz. Wilson and Detective Benz testified that Wilson immediately picked appellant as the gun-wielding robber upon being shown the array.

{¶ 16} Viewing this evidence in a light most favorable to the state, it is clear that it produced sufficient evidence to establish appellant as the perpetrator of the robbery that night in Lester's bedroom. Appellant's arguments that he did not fit the height and weight of the assailant as initially described by Wilson to the police is not persuasive. Wilson testified that he is bad at estimating these physical characteristics, and he again underestimated appellant's height and weight while looking directly at him in court. The jury did not clearly lose its way in finding appellant guilty of kidnapping, aggravated robbery, and theft.

{¶ 17} Appellant's first and second assignments of error are overruled.

## Other Acts Evidence

{¶ 18} Appellant finally argues that "[t]he trial court erred in admitting prejudicial other acts and character type evidence."

{¶ 19} With regard to the admissibility of "other acts" evidence, it is well established that evidence tending to prove that the *accused* has committed other acts independent of the crime for which he is on trial is inadmissible to show that the defendant acted in conformity with his bad character. *State v. Gumm*, 73 Ohio St.3d 413, 1995-Ohio-24, 653 N.E.2d 253. See, also, R.C. 2945.59.

{¶ 20} The evidence and testimony appellant points to are photographs taken from co-defendant Warner's cell phone depicting Warner with money and various other photos of money and text. These photos do not implicate appellant and do not indicate that appellant did anything. Therefore, these photos are not other acts evidence, as defined by R.C. 2945.59 or Evid.R. 404(B).

{¶ 21} Further, no objection was made at the introduction of these photographs. So, even if they did constitute some evidence against appellant, this court must find that the error was obvious on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection in order to find in appellant's favor. See *State v. Tichon* (1995), 102 Ohio App.3d 758, 767, 658 N.E.2d 16. Also, plain error does not exist unless the appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions. *State v. Waddell*, 75 Ohio St.3d 163, 166, 1996-Ohio-100, 661 N.E.2d 1043.

**{¶ 22}** Here, there is no indication that the photographs depicting Warner clearly changed the outcome of appellant's trial. Therefore, appellant's third assignment of error is overruled.

## Allied Offenses

**{¶ 23}** What does constitute plain error, although not raised by the parties, is the failure to merge appellant's convictions for aggravated robbery, kidnapping, and theft. *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶31.

**{¶ 24}** In *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court returned the allied offense analysis to a comparison of the elements of multiple offenses in light of a defendant's conduct, overruling *State v. Rance*, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699.

**{¶ 25}** "Under R.C. 2941.25, the court must determine prior to sentencing whether the offenses were committed by the same conduct." *Johnson* at ¶47.

**{¶ 26}** The court goes on to set forth the appropriate question a trial court must examine to determine if offenses are allied under R.C. 2941.25 as "whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other." Id. at ¶48. "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'" Id. at ¶49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶50.

{¶ 27} R.C. 2905.01(A)(2) defines kidnapping, in part, as the restraint of another person's liberty in order to facilitate the commission of a felony. The statute goes on to also prohibit the knowing restraint of another's liberty by force, threat, or deception, where there is a substantial risk of serious physical harm to a victim or that causes physical harm to a victim. R.C. 2905.01(B)(2).

{¶ 28} In the present case, the jury found appellant guilty of two counts of kidnapping, one under each of the above subsections of R.C. 2905.01. The trial court, during sentencing, found that the two counts of kidnapping should merge and that a prison sentence should only be imposed on one. However, the journal entry memorializing appellant's sentence indicates that a seven-year term of incarceration was imposed on both counts of kidnapping. This was contrary to the trial court's pronouncement of its intention that both counts of kidnapping should merge, and is plainly error.

{¶ 29} Further, the trial court did not undertake an analysis to determine whether the aggravated robbery and kidnapping charges should also merge. The Ohio Supreme Court has recognized that inherent in a robbery, there is a restraint of liberty, or kidnapping. In analyzing *State v. Winn*, 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154, the *Johnson* court stated that "kidnapping and aggravated robbery were allied offenses. Although it was possible to advance hypothetical examples under which an aggravated robbery would not also constitute a kidnapping, the majority held that the elements of the offenses aligned because '[i]t is difficult to see how the presence of a

weapon that has been shown or used, or whose possession has been made known to the victim during the commission of a theft offense, does not also forcibly restrain the liberty of another.'" *Johnson* at ¶38.

{¶ 30} In *State v. Hicks*, Cuyahoga App. No. 95169, 2011-Ohio-2780, ¶11, this court relied on the following guidelines to determine "whether kidnapping and an offense of similar import are committed with separate animus":

{¶ 31} "'(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

{¶ 32} "'(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions.'" Id., quoting *State v. Logan* (1979), 60 Ohio St.2d 126, 397 N.E.2d 1345, at the syllabus.

{¶ 33} There is no indication in the record that the type or length of restraint here satisfies any of the factors set forth in *Logan* that would lead to the conclusion that the kidnapping was not an allied offense of similar import to aggravated robbery. Wilson's

restraint of movement was incidental to the robbery of his property while at gunpoint. The trial court should have merged these charges prior to sentencing.

{¶ 34} Similarly, the trial court failed to determine whether the aggravated robbery charge should merge with the theft charges and whether the theft charge under R.C. 2913.02(A)(1) should merge with the theft charge under R.C. 2913.02(A)(4).

{¶ 35} The aggravated robbery statute states in part, "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."  R.C. 2911.01(A)(1).

{¶ 36} Also, appellant was convicted of theft in violation of R.C. 2913.02(A)(1) and (A)(4).  This statute provides:  "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

{¶ 37} "(1) Without the consent of the owner or person authorized to give consent;

{¶ 38} "* * *

{¶ 39} "(4) By threat[.]"

{¶ 40} In order to commit robbery, one has to deprive another of property or exert control over another's property.  R.C. 2911.01.  The aggravated robbery statute specifically requires a theft or attempted theft.  Id.  Therefore, inherent in the aggravated robbery committed here is the act of theft.  See *State v. Lundy* (1987), 41 Ohio App.3d

163, 535 N.E.2d 664 (aggravated robbery and theft of drugs under former R.C. 2925.21(C) are allied offenses of similar import); *State v. Johnson* (1983), 6 Ohio St.3d 420, 453 N.E.2d 595, overruled on other grounds by *Ohio v. Johnson* (1984), 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425, (aggravated robbery is an allied offense of similar import to theft); *State v. Taylor*, Franklin App. No. 10AP-939, 2011-Ohio-3162, ¶41 ("We find that under the facts presented herein the robbery and theft charges arising from each robbery stemmed from the same conduct as they involved the same items and the same victim.").

{¶ 41} The theft counts should also merge. Here, there was only one victim. The indictment listed the same property taken — a watch, a ring, money, and a cell phone — under both counts of theft. The state relied on the same conduct to prove appellant's guilt for each count of theft, but under different subsections of the theft statute. See *Johnson*, supra, at ¶56.

{¶ 42} Appellant held Wilson at gunpoint with the single purpose to rob him. The resultant kidnapping, aggravated robbery, and theft were all part of a single transaction with a single intention, to relieve Wilson of his watch, ring, cell phone, and money.

{¶ 43} Where there is only one victim and one single continuous transaction, the trial court erred in not merging the kidnapping, aggravated robbery, and the theft charges.[3] On remand, the trial court should allow the state to elect under which charge

---

[3] The trial court properly merged the one- and three-year firearm specifications on a prior remand.

the court should impose sentence.  *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, paragraph one of the syllabus.

{¶ **44**} We affirm the findings of guilt, vacate appellant's sentence, and remand the case for merger of allied offenses and resentencing in accordance with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.   Case remanded to the trial court for resentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY EILEEN KILBANE, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR