THE STATE OF OHIO, APPELLEE, *v.* GUYTON, APPELLANT.

(Nos. 3622 and 3623—Decided July 5, 1984.)

*Gregory A. White,* prosecuting attorney, for appellee.

*Jack W. Bradley* and *James M. Burge,* for appellant.

GEORGE, J. The defendant-appellant, Ernest Gene Guyton, Jr., appeals his convictions for aggravated murder with a specification of aggravated burglary, and aggravated burglary. This court affirms the convictions.

On April 12, 1983, the victim left her apartment to go shopping. While she was out, Guyton broke into her apartment to commit a theft offense. When the victim returned Guyton was still there. The victim was severely beaten and then strangled to death. An examination of the victim's body revealed two distinct bite marks on her abdomen.

Guyton pled guilty to aggravated murder, the specification under R.C. 2929.04(A)(7), and aggravated burglary. He received consecutive sentences of life imprisonment with eligibility for parole after serving thirty years for aggravated murder, and imprisonment for seven to twenty-five years for aggravated burglary.

Assignment of Error I

"The court erred in accepting appellant's pleas of guilty in the following respects:

"A. A single judge accepted a plea of guilty to the charge and the specification and in so doing should have made an independent judgment as to whether or not the specification should have been dismissed pursuant to Criminal Rule 11(C)(3); and,

"B. A three judge panel accepted a plea of guilty to the charge and the specification yet failed to make a specific determination as to whether or not the offense appellant pled guilty to should be determined to be a lesser offense; i.e., aggravated murder without a specification."

On October 31, 1983, Guyton pled guilty before a single judge to aggravated murder, the specification, and aggravated burglary. On December 9, 1983, he renewed his guilty pleas before a three-judge panel. Guyton first argues that neither the single judge nor the three-judge panel made an independent determination on his motion to dismiss the specification.

However, the record reveals that the motion to dismiss the specification

was considered by both the single judge and the three-judge panel. On October 24, 1983, the single judge held a hearing to consider the first such motion. That motion was denied by a journal entry filed on October 25, 1983. The record further reveals that the three-judge panel considered Guyton's second motion to dismiss the specification at a hearing held on December 9, 1983. That motion, too, was denied. It was journalized on December 13, 1983. Therefore, this argument is clearly without merit.

Guyton next argues that both the single judge and the three-judge panel erred by denying his motion to dismiss the specification. Essentially, Guyton argues that the facts in this case established that the mitigating circumstances outweighed the aggravating circumstances. Thus, the trial court should have dismissed the specification, pursuant to Crim. R. 11(C)(3).

A guilty plea constitutes a complete admission of a defendant's guilt. Crim. R. 11(B)(1); and *State* v. *Tarleton* (Dec. 24, 1975), Wayne App. No. 1399, unreported. The determination of whether the specification should be dismissed is a factual one. Since Guyton pled guilty to the specification, he cannot raise the issue of factual guilt on appeal. *State* v. *Wilson* (1979), 58 Ohio St. 2d 52 [12 O.O.3d 51].

Finally, Guyton argues that he was never found guilty of the specification. However, the judgment entry of December 14, 1983, issued by the three-judge panel, expressly found Guyton guilty of the specification. Accordingly, this assignment of error is overruled.

### Assignment of Error II

"The court erred in failing to declare the specification in Ohio Revised Code Section 2929.04(A)(7) unconstitutional as applied to appellant."

Murder under R.C. 2903.02 carries a prison term of fifteen years to life. R.C. 2929.02(B). Aggravated murder without a specification under R.C. 2903.01 carries a penalty of twenty years to life. R.C. 2929.03(A). Finally, aggravated murder with a specification carries a penalty of death, thirty years to life, or twenty years to life. R.C. 2929.03(C)(2).

In this case, Guyton killed the victim while committing the felony of aggravated burglary. He was convicted of aggravated murder under R.C. 2903.01(B), which provides:

"No person shall purposely cause the death of another while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit * * * aggravated burglary * * *."

He was also found guilty of the specification under R.C. 2929.04(A)(7), which provides:

"The offense was committed while the offender was committing, attempting to commit, or fleeing immediately after committing or attempting to commit * * * aggravated burglary, and either the offender was the principal offender in the commission of the aggravated murder or, if not the principal offender, committed the aggravated murder with prior calculation and design."

Thus, the burglary raised the crime from murder to aggravated murder. Accordingly, the penalty was increased from fifteen years to life to twenty years to life. The burglary also subjected Guyton to the specification under R.C. 2929.04(A)(7), increasing his possible punishment to death, or thirty years to life.

Guyton first argues that there is no rational basis for subjecting him to the specification. Since he was charged with aggravated murder under the felony murder theory, the underlying burglary should not be used as an aggravating circumstance to impose a harsher sentence. He relies on the reasoning set forth by the North Carolina Supreme

Court in *State* v. *Cherry* (1979), 298 N.C. 86, 257 S.E. 2d 551. There the court found that a defendant convicted of felony murder automatically acquires one aggravating circumstance in the sentencing phase. However, one convicted of premeditated murder enters the sentencing phase without any aggravating circumstances pending. The court found this scheme to be irrational in light of the fact that the death caused by an offender convicted of felony murder could have been unintentional. In such a case, a more severe penalty would not be warranted. ·

In *Zant* v. *Stephens* (1983), 77 L.Ed. 2d 235, the United States Supreme Court·discussed the function served by stipulations and aggravating circumstances, stating at 249-250:

"* * * a system 'could have standards so vague that they would fail adequately to channel the sentencing decision patterns of juries with the result that a pattern of arbitrary and capricious sentencing like that found unconstitutional in *Furman* could occur.' 428 U.S. at 195, n. 46 * * *. To avoid this constitutional flaw, an aggravating circumstance must genuinely narrow the class of persons eligible for the death penalty and must reasonably justify the imposition of a more severe sentence on the defendant compared to others found guilty of murder."

Under Ohio law an accomplice to a crime is subject to that punishment which the principal could receive. R.C. 2923.03(F); and *State* v. *Scott* (1980), 61 Ohio St. 2d 155, 165 [15 O.O.3d 182]. Accordingly, an accomplice can be charged and convicted of aggravated murder under the felony murder theory, pursuant to R.C. 2903.01(B). However, the specification under R.C. 2929.04(A)(7) is limited to a more narrow class of offenders. That specification applies only if:

"* * * the offender was the *principal offender* in the commission of the aggravated murder or, if not the principal offender, *committed the aggravated murder with prior calculation and design.*" (Emphasis added.)

Therefore, the class of offenders who are subject to the specification, and thus the enhanced penalty, has been limited to "only the worst criminals or the criminals who commit the worst crimes." *Furman* v. *Georgia* (1972), 408 U.S. 238, 294.

Guyton's reliance on *State* v. *Cherry, supra; State* v. *Silhan* (1981), 302 N.C. 223, 275 S.E. 2d 450; and *Provence* v. *State* (Fla. 1976), 337 So. 2d 783, is misplaced. The aggravating circumstance challenged in those cases applied to an accomplice as well as the principal. As such, it did not narrow the class of offenders subject to the enhanced penalty.

Therefore, there is a rational basis under Ohio law for imposing a harsher penalty on Guyton and other offenders who fall into this category of criminal activity. Accordingly, this court finds that R.C. 2929.04(A)(7) is constitutional.

Finally, Guyton argues that his convictions for both the specification and aggravated murder under the felony murder theory violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution because he was sentenced twice for the same crime. In *Missouri* v. *Hunter* (1983), 74 L. Ed. 2d 535, 543-544, the United States Supreme Court held:

"* * * [S]imply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes. The rule of statutory construction noted in *Whalen* [v. *United States* (1980), 455 U.S. 684] is not a constitutional rule requiring courts to negate clearly expressed legislative intent. * * *

"Where, * * * a legislature

specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger,* a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial."

The Ohio Legislature has manifested a clear intent to provide an enhanced penalty to one found guilty of both aggravated murder and one of the several felony specifications. As such, there is no double jeopardy violation. Accordingly, this assignment of error is overruled.

### Assignment of Error III

"The trial court erred in sentencing appellant to consecutive sentences for aggravated murder with specification pursuant to R.C. 2929.04(A)(7) and aggravated burglary for the reasons that: (a) appellant was not informed of the possibility of consecutive sentences and; (b) appellant is being punished for the same conduct twice."

Guyton first contends that the trial court erred in imposing consecutive sentences for the crimes of aggravated murder and aggravated burglary instead of concurrent sentences as recommended by the state. The record reveals that prior to accepting Guyton's guilty plea, the three-judge panel informed him that these crimes could carry consecutive sentences. Further, prior to sentencing, Guyton was told that the panel was not obligated to follow the recommendation of the state. Accordingly, the requirements of Crim. R. 11(C)(2)(a) were met. *State* v. *Ricks* (1977), 53 Ohio App. 2d 244 [7 O.O.3d 299].

Guyton next argues that he was punished twice for the same offense. As stated previously, sentencing Guyton to the increased penalty for aggravated murder with a specification of ag-

gravated burglary did not violate the Double Jeopardy Clause. Further, consecutive sentences may be imposed for aggravated murder and aggravated burglary, even though the aggravated burglary was the underlying felony used to establish the aggravated murder. *State* v. *Moss* (1982), 69 Ohio St. 2d 515 [23 O.O.3d 447]; and *State* v. *Royster* (1982), 3 Ohio App. 3d 442. Thus, the trial court did not err in imposing consecutive sentences for both aggravated murder with a specification of aggravated burglary and aggravated burglary. Accordingly, this assignment of error is overruled. The judgment of conviction is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and QUILLIN, J., concur.