OPINION
{¶ 1} Defendant-appellant, Martine P. Gooden ("Gooden"), appeals the decision of the Marion County Court of Common Pleas to sentence him to multiple and consecutive prison sentences totaling a term of 12 years and 11 months. For the reasons that follow, we affirm.
 {¶ 2} This case involves a series of thefts Gooden committed between August 2005 and December 2005. Gooden stole, forged, and cashed checks from four victims. Gooden also stole $568.94 from a fifth victim's checking account. Finally, Gooden used a BB gun to steal $40,230 from two employees at a grocery store.
 {¶ 3} The Marion County Grand Jury indicted Gooden on 19 criminal counts related to this series of thefts. Gooden pled guilty to the following: two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), felonies of the first degree; one count of theft by threat in violation of R.C. 2913.02(A)(4), a felony of the fourth degree; four counts of theft without consent in violation of R.C. 2913.02(A)(1), felonies of the fifth degree; and two counts of forgery in violation of R.C.2913.31(A)(3), felonies of the fifth degree. The trial court subsequently imposed the aforementioned sentence.
 {¶ 4} It is from this decision that Gooden appeals and sets forth four assignments of error for our review. For purposes of clarity, we consider Gooden's assignments of error out of the order presented in his brief.
 ASSIGNMENT OF ERROR NO. 2 The trial court's sentencing of appellant for a theft whicharose out of same incident as the aggravated robberies wascontrary to law.
 {¶ 5} Gooden argues in his second assignment of error that aggravated robbery and theft by threat constitute allied offenses of similar import. Thus, Gooden concludes the trial court erred when it convicted him of theft by threat.
 {¶ 6} Gooden pled guilty in this case and consequently admitted his guilt to two counts of aggravated robbery and one count of theft by threat. See Crim.R. 11(B)(1). Gooden also failed to argue at the trial level that aggravated robbery and theft by threat constitute allied offenses of similar import. As such, we find Gooden waived the issue absent plain error. See Crim.R. 52(B).
 {¶ 7} Plain error exists where there is a deviation from a legal rule, the error constitutes an obvious defect in the trial proceeding, and the error affected a defendant's "substantial rights." State v. Barnes (2002), 94 Ohio St.3d 21, 27,759 N.E.2d 1240. We recognize plain error under exceptional circumstances and only to prevent a "manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804, paragraph three of the syllabus.
 {¶ 8} Ohio's multiple-count statute, R.C. 2941.25, governs allied offenses of similar import and provides as follows:
(A) Where the same conduct by defendant can be construed toconstitute two or more allied offenses of similar import, theindictment or information may contain counts for all suchoffenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or moreoffenses of dissimilar import, or where his conduct results intwo or more offenses of the same or similar kind committedseparately or with a separate animus as to each, the indictmentor information may contain counts for all such offenses, and thedefendant may be convicted of all of them.
 {¶ 9} The Ohio Supreme Court construed the multiple-count statute in State v. Rance (1999), 85 Ohio St.3d 632,710 N.E.2d 699, and set forth a standard to determine whether a defendant may be convicted on multiple counts. Put simply, a defendant may be convicted on multiple counts if (1) the crimes alleged in each count do not constitute crimes of similar import, (2) the defendant committed the crimes separately, or (3) if the crimes alleged in each count do constitute crimes of similar import, the defendant committed the crimes with a separate animus.Rance, 85 Ohio St.3d at 636. To determine whether the crimes alleged in multiple counts constitute crimes of similar import, a court must align the elements of each crime in the abstract and then determine whether the elements correspond to such a degree that the commission of one crime will result in the commission of the other. Id., citing State v. Jones (1997), 78 Ohio St.3d 12,13, 676 N.E.2d 80.
 {¶ 10} The Ohio Supreme Court held in State v. Parson
(1983), 6 Ohio St.3d 442, 446, 453 N.E.2d 689, and State v.Johnson (1983), 6 Ohio St.3d 420, 453 N.E.2d 595, paragraph one of the syllabus, that aggravated robbery and theft constituted allied offenses of similar import. But the Ohio Supreme Court decided Parson and Johnson before it decided Rance.
Accordingly, we apply the standard set forth in the Ohio Supreme Court's more recent pronouncement and conclude aggravated robbery and theft by threat do not constitute allied offenses of similar import.[1]
 {¶ 11} R.C. 2911.01 defines aggravated robbery as follows:
(A) No person, in attempting or committing a theft offense, asdefined in section 2913.01 of the Revised Code, or in fleeingimmediately after the attempt or offense, shall do any of thefollowing:
 (1) Have a deadly weapon on or about the offender's person orunder the offender's control and either display the weapon,brandish it, indicate that the offender possess it, or use it.
 {¶ 12} R.C. 2913.02 defines theft by threat as follows:
(A) No person, with purpose to deprive the owner of propertyor services, shall knowingly obtain or exert control over eitherthe property or services in any of the following ways:
 (4) By threat.
 {¶ 13} After aligning the elements of the two crimes in theabstract, we believe it is possible to commit aggravated robbery without also committing theft by threat. This is because under R.C. 2911.01(A)(1) a conviction for aggravated robbery requires only that the defendant attempt to commit a theft offense, not that the defendant actually do so.
 {¶ 14} We also believe it is possible to commit theft by threat without committing aggravated robbery. Conviction for aggravated robbery requires proof that the defendant possessed a deadly weapon and that the defendant displayed, brandished, indicated that the defendant possessed, or used the deadly weapon when the defendant committed a theft offense. By contrast, nothing in R.C. 2913.02(A)(4) — the statute that sets forth the elements for a conviction of theft by threat — requires proof that the defendant made the threat by means of a deadly weapon.
 {¶ 15} Given the foregoing, we find the elements of aggravated robbery and theft by threat do not correspond to such a degree that the commission of one crime will result in the commission of the other. We must, therefore, conclude that the two crimes do not constitute allied offenses of similar import and that the trial court did not commit plain error when it convicted Gooden of theft by threat.
 {¶ 16} Gooden's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 1 Since the facts as recited by appellee were insufficient for aconviction, appellant's convictions for aggravated robbery arecontrary to law.
 {¶ 17} Gooden argues in his first assignment of error that the prosecution did not recite facts at the plea hearing sufficient to establish the BB gun Gooden used to steal $40,230 from the two employees at the grocery store constituted a deadly weapon. From this premise, Gooden concludes his convictions for aggravated robbery under R.C. 2911.01(A)(1) are contrary to law.
 {¶ 18} Gooden does not present any authority that requires the prosecution to recite facts when a defendant pleads guilty, and nothing in Crim.R. 11 requires that the prosecution do so. Nevertheless, Gooden pled guilty in this case and consequently admitted his guilt to both counts of aggravated robbery. See Crim.R. 11(B)(1); State v. Guyton (1984), 18 Ohio App.3d 101,102, 481 N.E.2d 650. Therefore, Gooden may not challenge his factual guilt on appeal. See State v. Scott (Dec. 30, 1998), 9th Dist. No. 19008, at *1.
 {¶ 19} Gooden's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 4 Appellant was denied effective assistance of counsel.
 {¶ 20} Gooden argues in his fourth assignment of error that his counsel performed unreasonably for a number of different reasons. Thus, Gooden concludes he did not receive effective assistance of counsel.
 {¶ 21} A defendant who pleads guilty may only attack the voluntary, knowing, and intelligent nature of the defendant's plea and "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." State v. Spates (1992),64 Ohio St.3d 269, 272, 595 N.E.2d 351.
 {¶ 22} A defendant asserting a claim of ineffective assistance of counsel must establish both that counsel performed unreasonably under the circumstances and that the unreasonable performance prejudiced the defendant. State v. Kole (2001),92 Ohio St.3d 303, 306, 750 N.E.2d 148, citing Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052,80 L.Ed.2d 674. To establish prejudice when ineffective assistance of counsel relates to a guilty plea, a defendant must show there is a reasonable probability that but for counsel's unreasonable performance the defendant would not have pled guilty. SeeStrickland, 466 U.S. at 687.
 {¶ 23} First, Gooden argues counsel performed unreasonably because counsel allowed Gooden to plead guilty to allied offenses of similar import. We previously determined aggravated robbery and theft by threat do no constitute allied offenses of similar import. Therefore, we find Gooden failed to establish counsel acted unreasonably in this regard.
 {¶ 24} Next, Gooden argues counsel performed unreasonably because counsel allowed Gooden to plead guilty to the two counts of aggravated robbery. Gooden argues counsel should not have allowed him to do so because the prosecution did not recite facts at the plea hearing sufficient to establish the BB gun constituted a deadly weapon. Gooden does not present any authority that requires the prosecution to recite facts when a defendant pleads guilty, and nothing in Crim.R. 11 requires that the prosecution do so. Therefore, we fail to see how counsel performed unreasonably when counsel allowed Gooden to plead guilty to the two counts of aggravated robbery.
 {¶ 25} Last, Gooden argues counsel performed unreasonably because counsel did not request a competency evaluation under R.C. 2945.371. Gooden argues counsel should have requested an evaluation because he filed a pro se motion in which he requested that the trial court sentence him to death after he learned the prosecution recommended a prison sentence of 13 years and two months.[2]
 {¶ 26} Gooden's decision to file the pro se motion at issue is questionable. But no additional evidence exists in the record which establishes the need for a competency evaluation. And the trial court, which was particularly well-positioned to observe Gooden's demeanor and personally addressed Gooden at three separate hearings, did not at any time express concerns on the record regarding Gooden's mental competence. See R.C. 2945.37(B). Accordingly, we find counsel did not perform unreasonably and Gooden's argument to the contrary is meritless.
 {¶ 27} Gooden's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 3 The trial court's sentence violates the Ex Post Facto Clauseof the United States Constitution.
 {¶ 28} Gooden argues in his third assignment of error that the Ohio Supreme Court's holding in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, violates the Ex Post Facto Clause of the United States Constitution. This is so, Gooden argues, because Foster retroactively eliminates the presumption of a minimum sentence. Gooden, therefore, concludes the trial court erred when it sentenced him in accordance withFoster.
 {¶ 29} Gooden did not raise any challenge to the application of Foster at the trial level. As such, we find Gooden waived the issue absent plain error. See Crim.R. 52(B).
 {¶ 30} This court recently held in State v. McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, that Foster does not violate the Ex Post Facto Clause of the United States Constitution or notions of federal due process generally. For the reasons set forth in McGhee, we conclude the trial court did not commit plain error when it sentenced Gooden in accordance with Foster.
 {¶ 31} Gooden's third assignment of error is overruled.
 {¶ 32} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Bryant, P.J. and Shaw, J., concur.
[1] Although the Ohio Supreme Court set forth the standard inRance to determine whether a defendant may be convicted on multiple counts, other appellate districts rely on Parson andJohnson after Rance for the proposition that aggravated robbery and theft constitute crimes of similar import. See Statev. Philipot (2001), 145 Ohio App.3d 231, 762 N.E.2d 443; Statev. Bouchiova (Mar. 27, 2000), 4th Dist. No. 98 VA 13.
[2] Gooden filed an additional pro se motion several days later in which he sought to withdraw his request that the trial court sentence him to death.