OPINION
{¶ 1} The defendant-appellant, Dusten I. Bowen ("Bowen"), appeals the April 21, 2006 Judgment of conviction and sentence entered in the Court of Common Pleas, Hancock County, Ohio.
 {¶ 2} On or about June 10, 2005, Bowen came in contact with a confidential informant for the Hancock Metrich Enforcement Unit for the ostensible purpose of selling a quantity of cocaine to the confidential informant. The transaction between Bowen and the confidential informant took place in Liberty Township, Hancock County, Ohio. Bowen met the confidential informant at a carryout where Bowen got into the confidential informant's car and told him that they would have to travel to another drive-thru to get the cocaine. When they pulled into the drive-thru, the confidential informant gave Bowen $550.00 and Bowen stated that he would be back in "five to ten minutes, ten minutes tops." Bowen never returned with the quantity of cocaine.
 {¶ 3} On November 15, 2005, Bowen was indicted by the Hancock County Grand Jury on one count of trafficking in cocaine, a violation of R.C.2925.03(A), a felony of the third degree. On February 23, 2006, Bowen entered a plea of guilty to the count of trafficking in (offer to sell) cocaine. On March 22, 2006, a sentencing hearing was held and on April 13, 2006, a subsequent sentencing hearing was held to complete the sentencing by imposition of a mandatory license suspension. On April 21, 2006, Bowen's sentence was journalized sentencing him to a mandatory term of three years in prison as to the violation of R.C. 2925.03(A) and two years in prison as to his violation of his post release control, to be served consecutively for a total term of five years. In addition, he was sentenced to pay restitution in the amount of $550.00 to Hancock County Metrich Enforcement Unit and a mandatory license suspension of six months.
 {¶ 4} On May 3, 2006, Bowen filed his notice of appeal raising the following assignments of error:
 Assignment of Error I THE TRIAL COURT VIOLATED THE APPELLANT'S DUE PROCESS RIGHTS BY IMPOSING A SENTENCE MORE THAN THE MINIMUM TERM FOR THE OFFENSE IN QUESTION WHERE THE OFFENSE WAS COMMITTED BEFORE THE DECISION OF THE OHIO SUPREME COURT IN STATE v. FOSTER, 109 Ohio St.3d 1 (2006) AND THE APPELLANT SENTENCED AFTER WAS THE ANNOUNCEMENT OF THE DECISION IN STATE v. FOSTER.
 Assignment of Error II THE TRIAL COURT COMMITTED REVERSIBLE ERROR AS A MATTER OF LAW BY RELYING ON FACTS NOT ADMITTED TO BY THE APPELLANT OR FOUND BY A JURY IN IMPOSING SENTENCE UPON THE APPELLANT HEREIN.
 Assignment of Error III THE TRIAL COURT COMMITTED REVERSIBLE ERROR AS A MATTER OF LAW IN IMPOSING UPON THE APPELLANT AN ADDITIONAL TERM OF INCARCERATION PURSUANT TO OHIO REVISED CODE § 2929.141 BY RELYING ON FACTS NOT ADMITTED TO BY THE APPELLANT OR FOUND BY A JURY.
 {¶ 5} Bowen's first and second assignments of error shall be addressed together because both assignments of error pose issues concerning his felony sentencing. He alleges in his first assignment of error that the trial court violated his Due Process rights by imposing a sentence of more than the minimum term for his offense where the offense was committed before the decision of the Supreme Court of Ohio in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. He claims in his second assignment of error that the trial court committed reversible error by relying on facts not admitted to by him or found by a jury in imposing his sentence.
 {¶ 6} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in Foster. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework are unconstitutional and void, including R.C. 2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender. Foster, 2006-Ohio-856, at ¶ 97, 103.
 {¶ 7} In this case, Bowen argued that his due process rights are violated because the effect of Foster is to create an ex post facto law. He contends that Foster applies retroactively and increases the penalty for offenses committed prior to the court's decision. Under Bouie v.City of Columbia (1964), 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894, Bowen contends that the Supreme Court of the United States recognized that "an unforeseeable judicial enlargement of criminal statute, applied retroactively, operates precisely like an ex post facto law, such as Article I, Section 10 of the Constitution forbids." Id. at 353. Furthermore, he argues that the announcement of Foster altered the mechanism by which a defendant's sentence is to be imposed because portions of the statutes were found to be unconstitutional. Therefore, he claims that at the time his offense was committed, the law of the State of Ohio required him to only receive a minimum sentence because the trial court could not make such findings to impose a longer sentence.
 {¶ 8} However, for the reasons articulated in State v. McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162, we find no merit in Bowen's arguments that his sentence violates his due process rights. Bowen entered a plea of guilty on February 23, 2006. The Supreme Court of Ohio announced its decision in Foster on February 27, 2006. On March 22, 2006 and April 13, 2006, sentencing hearings were held and on April 21, 2006, Bowen's sentence was journalized. As similarly noted in cases citing McGhee, the offense occurred subsequent to the United States Supreme Court's holding in United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738, 160 L.Ed.2d 621, which provided notice that a major shift in sentencing was likely to occur and supports our conclusion inMcGhee that the remedy announced in Foster does not violate due process.State v. Gooden, 3rd Dist. No. 9-06-17, 2006-Ohio-5387;State v. Pickering, 3rd Dist. No. 1-06-36,2006-Ohio-5495. Likewise, the sentencing range for third degree felonies has remained unchanged, so Bowen had notice of the potential sentence for his offense. Therefore, we find Bowen's arguments without merit and the first and second assignments of error are overruled.
 {¶ 9} In his third assignment of error, he claims the trial court erred in imposing a term of incarceration as a post release control violation under R.C. 2929.141. Specifically, he argues that the imposition of incarceration under a post release control violation is unconstitutional pursuant to Foster because R.C. 2929.141 requires judicial fact finding.
 {¶ 10} Pursuant to R.C. 2929.141,
 (B) A person on release who by committing a felony violates any condition of parole, any post-release control sanction, * * * may be prosecuted for the new felony. Upon the person's conviction of or plea of guilty to the new felony, the court shall impose sentence for the new felony, the court may terminate the term of post-release control if the person is a releasee and the court may do either or both of the following for a person who is either a releasee or parolee regardless of whether the sentencing court or another court of this state imposed the original prison term for
 which the person is on parole or is serving a term of post-release control:
 (1) In addition to any prison term for the new felony, impose a prison term for the violation. If the person is a releasee, the maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the releasee has spent under post-release control for the earlier felony. * * * In all cases, a prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. * * *
 {¶ 11} In this case, Bowen admitted on the record that he was on post-release control at the time he committed the offense at issue in this case. Specifically,
 Court: Are you currently on any kind of community controlled sanction or probation to any court in the State of Ohio, the other 49 States of the Union, or with the Federal Government?
 Defendant: I'm on post-release control, but that's all I'm on, sir.
 * * *
 Court:Okay. Now you are on post-release control, that's my next question. The nature of the post-release control?
 Defendant: I was given mandatory post-release control for my previous sentence.
 Court: Okay. * * *
 That would have been 5 years post-release control?
 Defendant: Yes, sir.
 Court: Okay. Now, do you understand that pleading guilty to this new felony can adversely affect your post release control status?
 Defendant: Yes, sir.
 Court: Okay. Any questions about that?
 Defendant: No, sir
 * * *
 Court: Okay. You understand that post-release control time can be ordered served consecutively?
 Defendant: Yes, sir.
February 23, 2006 Hearing Trans. p. 9-10. On the record, it was established that Bowen was on post-release control until March 20, 2010; thus, the trial court had the ability to impose essentially three years and 354 days of imprisonment under R.C. 2929.141. The trial court sentenced him to a mandatory term of three years in prison as to the offense committed and an additional two years in prison for his post release control violation to be served consecutively as mandated by R.C.2929.141.
 {¶ 12} Upon review of the record, the trial court did not err in imposing an additional term of incarceration, as a post release control violation, under R.C. 2929.141, to be served consecutively with the mandatory term of three years as to the offense committed. Furthermore, the trial court did not violate Foster when it imposed an additional two year prison term, as the trial court made its determination based upon the facts admitted to by Bowen on the record. Therefore, Bowen's third assignment of error is overruled.
 {¶ 13} Accordingly, Bowen's assignments of error are overruled and the April 21, 2006 Judgment of conviction and sentence entered in the Court of Common Pleas Hancock County, Ohio, is affirmed.
Judgment affirmed.