OPINION
{¶ 1} Defendant-Appellant, Demetrious Shields, appeals the judgment of the Marion County Court of Common Pleas, Criminal Division, convicting and sentencing him for aggravated robbery. On appeal, Shields asserts that the trial court erred by convicting and sentencing him for aggravated robbery; that the trial court erred by sentencing him for both aggravated robbery and theft by threat; that he received ineffective assistance of counsel; and, that the trial court imposed a sentence under an ex post facto sentencing law. Based on the following, we affirm the judgment of the trial court.
 {¶ 2} In February 2006, the Marion County Grand Jury indicted Shields for two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), felonies of the first degree; two counts of robbery in violation of R.C.2911.02(A)(2), felonies of the second degree; and, one count of theft by threat in violation of R.C. 2913.02(A)(4), a felony of the fourth degree.
 {¶ 3} In March 2006, Shields was arraigned, entered not guilty pleas, and was appointed counsel.
 {¶ 4} In April 2006, Shields pled guilty to two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), felonies of the first degree, and one count of theft by threat in violation of R.C.2913.02(A)(4), a felony of the fourth degree, and the State dismissed the remaining two counts of robbery in violation of R.C. 2911.02(A)(2), felonies of the second degree. Shields was later sentenced to nine years in prison for each count of aggravated robbery and to seventeen months in prison for the count of theft by threat. Additionally, the trial court ordered that the prison terms for the aggravated robbery counts be served concurrently to each other and consecutively to the prison term for the theft by threat count for a total term of ten years and five months in prison.
 {¶ 5} It is from this judgment Shields appeals, presenting the following assignments of error for our review:
 Assignment of Error No. I THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY CONVICTING AND SENTENCING HIM FOR AGGRAVATED ROBBERY.
 Assignment of Error No. II THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY CONVICTING AND SENTENCING HIM FOR BOTH AGGRAVATED ROBBERY AND THEFT WHEN THEY ARE ALLIED OFFENSES OF SIMILAR IMPORT.
 Assignment of Error No. III DEFENDANT-APPELLANT RECEIVED PREJUDICIALLY INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS, AS WELL AS HIS RIGHTS UNDER SECTION 10, ARTICLE I, OHIO CONSTITUTION.
 Assignment of Error No. IV THE TRIAL COURT'S SENTENCE VIOLATES THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION.
 {¶ 6} Due to the nature of Shields' assignments of error, we elect to address them out of order.
 Assignment of Error No. II {¶ 7} In his second assignment of error, Shields argues that aggravated robbery and theft by threat constitute allied offenses of similar import and that the trial court erred when it sentenced him for both aggravated robbery and theft by threat. We disagree.
 {¶ 8} Shields pled guilty in this case and consequently admitted his guilt to two counts of aggravated robbery and one count of theft by threat. See Crim.R. 11(B)(1). Shields also failed to argue at the trial level that aggravated robbery and theft by threat constitute allied offenses of similar import. As such, we find Shields waived the issue absent plain error. See Crim.R. 52(B); State v. Gooden, 3d Dist. No. 9-06-07, 2006-Ohio-5387, at ¶ 6.
 {¶ 9} Plain error exists where there is a deviation from a legal rule, the error constitutes an obvious defect in the trial proceeding, and the error affected a defendant's "substantial rights." State v. Barnes,94 Ohio St.3d 21, 27, 2002-Ohio-68. We recognize plain error under exceptional circumstances and only to prevent a "manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 10} For the reasons articulated by this Court in Gooden, supra, at ¶ ¶ 5-15, we find no merit in Shields' argument. In Gooden, this Court found that "the elements of aggravated robbery and theft by threat do not correspond to such a degree that the commission of one crime will result in the commission of the other." Id. at ¶ 15. In addition, this Court concluded "that [aggravated robbery and theft by threat] do not constitute allied offenses of similar import * * *." Id.
 {¶ 11} Accordingly, we find that Shields' second assignment of error is without merit and overrule the same.
 Assignment of Error No. I {¶ 12} In his first assignment of error, Shields argues that the trial court erred by convicting and sentencing him for aggravated robbery. Specifically, Shields argues that the State did not recite facts at the plea hearing sufficient to establish the BB gun Shields used in committing the crimes constituted a deadly weapon; therefore, he concludes that his convictions for aggravated robbery under R.C.2911.01(A)(1) are contrary to law. We disagree.
 {¶ 13} First, Shields does not present any authority that requires the prosecution to recite facts when a defendant pleads guilty, and nothing in Crim.R. 11 requires the prosecution do so. Nevertheless, Shields pled guilty in this case and consequently admitted his guilt to both counts of aggravated robbery. See Crim.R. 11(B)(1); State v. Guyton (1984), 18 Ohio App.3d 101, 102. Therefore, Shields may not challenge his factual guilt on appeal. See Gooden, supra; State v. Scott (Dec. 30, 1998), 9th Dist. No. 19008.
 {¶ 14} Accordingly, Shields' first assignment of error is overruled.
 Assignment of Error No. IV {¶ 15} In his fourth assignment of error, Shields argues that his counsel performed unreasonably, because his counsel advised him to plead guilty to the two counts of aggravated robbery and one count of theft by threat. Thus, Shields concludes he did not receive effective assistance of counsel.
 {¶ 16} A defendant who pleads guilty may only attack the voluntary, knowing, and intelligent nature of the defendant's plea and "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." State v. Spates, 64 Ohio St.3d 269, 272, 1992-Ohio-130.
 {¶ 17} A defendant asserting a claim of ineffective assistance of counsel must establish both that counsel performed unreasonably under the circumstances and that the unreasonable performance prejudiced the defendant. State v. Kole, 92 Ohio St.3d 303, 306, 2001-Ohio-191, citingStrickland v. Washington (1984), 466 U.S. 668, 687. To establish prejudice when ineffective assistance of counsel relates to a guilty plea, a defendant must show there is a reasonable probability that but for counsel's unreasonable performance the defendant would not have pled guilty. See Strickland, 466 U.S. at 687.
 {¶ 18} First, Shields argues that his counsel performed unreasonably because his counsel allowed him to plead guilty to allied offenses of similar import. As noted above, we determined aggravated robbery and theft by threat do no constitute allied offenses of similar import. Therefore, we find Shields failed to establish counsel acted unreasonably in this regard.
 {¶ 19} Next, Shields argues that his counsel performed unreasonably because his counsel allowed him to plead guilty to the two counts of aggravated robbery. Specifically, Shields argues that his counsel should not have allowed him to do so because the prosecution did not recite facts at the plea hearing sufficient to establish that the BB gun constituted a deadly weapon. However, Shields does not present any authority that requires the prosecution to recite facts when a defendant pleads guilty, and nothing in Crim.R. 11 requires the prosecution do so. Therefore, we fail to see how Shields' counsel performed unreasonably when Shields pled guilty to the two counts of aggravated robbery.
 {¶ 20} Accordingly, we find that Shields' counsel did not perform unreasonably and overrule Shields' fourth assignment of error.
 Assignment of Error No. III {¶ 21} In his third assignment of error, Shields argues that the Ohio Supreme Court's holding in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, violates the Ex Post Facto Clause of the United States Constitution. Specifically, Shields argues that Foster retroactively eliminates the presumption of a minimum sentence and concludes that the trial court erred when it sentenced him in accordance withFoster.
 {¶ 22} First, we note that Shields did not raise any challenge to the application of Foster at the trial level. As such, we find Shields waived the issue absent plain error. See Crim.R. 52(B).
 {¶ 23} This court recently held in State v. McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, that Foster does not violate the Ex Post Facto Clause of the United States Constitution or notions of federal due process generally. For the reasons set forth in McGhee, we conclude the trial court did not commit plain error when it sentenced Shields in accordance with Foster.
 {¶ 24} Accordingly, Shields' third assignment of error is overruled.
 {¶ 25} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW and GEORGE, JJ., concur.
 (George, J., retired, of the Ninth Appellate District, sitting byassignment.)