[Cite as *State v. Nickoson*, 2023-Ohio-3755.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2023-A-0028** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| ZACHARY S. NICKOSON, | |
| Defendant-Appellant. | Trial Court No. 2022 CR 00585 |

**O P I N I O N**

Decided: October 16, 2023
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Christopher R. Fortunato*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Margaret Brunarski*, Ashtabula County Public Defender, and *Michael J. Ledenko*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

JOHN J. EKLUND, P.J.

{¶1} Appellant, Zachary Nickoson, appeals his conviction upon his guilty plea in the Ashtabula County Court of Common Pleas for two counts of Rape, first-degree felonies in violation of R.C. 2907.02. Appellant has raised one assignment of error arguing that trial counsel failed to request a competency and sanity evaluation for appellant and that this failure constituted ineffective assistance of counsel.

{¶2} Having reviewed the record and the applicable caselaw, we find appellant's assignment of error is without merit. Nothing in the record suggests appellant was

incompetent to enter his plea, nor is there a basis to believe appellant was not sane at the time he committed the offense.

{¶3} Therefore, we affirm the judgment of the Ashtabula County Court of Common Pleas.

## Substantive and Procedural History

{¶4} On December 5, 2022, appellant was indicted on two counts of Rape, first-degree felonies in violation of R.C. 2907.02. Both counts contained sexually violent predator specifications pursuant to R.C. 2941.148(A).

{¶5} Appellant entered a plea of not guilty and initially received court appointed counsel through the Ashtabula County Public Defender's office. Appellant's counsel requested discovery and attended a pretrial conference on February 15, 2023. On March 1, 2023, appellant retained private counsel who requested discovery materials.

{¶6} On April 13, 2023, appellant entered a guilty plea. Pursuant to the agreement with the State, the State amended the charges in the indictment to remove references to the victims' ages and to dismiss the sexually violent predator specifications. The State and appellant recommended a stipulated sentence of six years on each count, to be run consecutively.

{¶7} At the plea hearing, the trial court asked appellant how old he was and what his highest level of education was. Appellant said he was 21 and had graduated from high school. Appellant also read each paragraph of the plea agreement out loud to the trial court. After each paragraph, the judge asked if appellant had any questions. The trial court proceeded to sentencing and adopted the stipulated sentence. During the plea

2

hearing, there was no discussion about appellant's competency to enter his plea knowingly, intelligently, and voluntarily.

{¶8} Appellant timely filed this appeal raising one assignment of error.

**Assignment of Error and Analysis**

{¶9} Appellant's sole assignment of error states:

{¶10} "Defendant-Appellant Zachary Nickoson received ineffective assistance of trial counsel by failing to request necessary mental status evaluations."

{¶11} Appellant argues trial counsel was ineffective because counsel failed to file a motion to determine whether appellant was competent to stand trial or determine if he was sane at the time of the offense. He claims this failure prejudiced him because trial counsel allowed appellant to enter a guilty plea rather than entering a plea of not guilty by reason of insanity or allowing appellant to receive necessary treatment to restore his competency.

{¶12} "[A]n appellant's plea of guilty waives his or her right to assert an ineffective assistance claim unless counsel's errors affected the knowing and voluntary character of the plea." *State v. Green*, 11th Dist. Trumbull No. 2017-T-0073, 2018-Ohio-3536, ¶ 19.

{¶13} We assess an ineffective assistance of counsel claim, for "'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *State v. Story*, 11th Dist. Ashtabula No. 2006-A-0085, 2007-Ohio-4959, ¶ 49, quoting *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An appellant must demonstrate (1) his counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability, were it not for counsel's errors, the result of the

3

proceedings would have been different. *Strickland*, at 669. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A failure to "satisfy one prong of the *Strickland* test negates a court's need to consider the other." *State v. Madrigal*, 87 Ohio St.3d 378, 389, 2000-Ohio-448, 721 N.E.2d 52, citing *Strickland*, at 697.

{¶14} An appellant "must be able to demonstrate that the attorney made errors so serious that he or she was not functioning as 'counsel' as guaranteed by the Sixth Amendment, and that he was prejudiced by the deficient performance." *Story*, at ¶ 49, quoting *State v. Batich*, 11th Dist. Ashtabula No. 2006-A-0031, 2007-Ohio-2305, ¶ 42. Ohio courts presume that every properly licensed attorney is competent, and therefore a defendant bears the burden of proof. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). "Debatable trial tactics generally do not constitute a deprivation of effective counsel." *State v. Phillips*, 74 Ohio St.3d 72, 85, 656 N.E.2d 643 (1995). "Failure to do a futile act cannot be the basis for claims of ineffective assistance of counsel, nor could such a failure be prejudicial." *State v. Henderson*, 8th Dist. Cuyahoga No. 88185, 2007–Ohio–2372, at ¶ 42.

{¶15} "The constitutional standard for assessing a defendant's competency to enter a guilty plea is the same as that for determining his competency to stand trial." *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 56. "A defendant is rebuttably presumed to be competent to stand trial." *State v. Lawson*, 165 Ohio St.3d

4

445, 2021-Ohio-3566, 179 N.E.3d 1216, ¶ 48. A defendant is incompetent if he "is incapable of understanding the nature and objective of the proceedings against [him] or of assisting in [his] defense." R.C. 2945.37(G). When raised, the trial court must hold a competency hearing. R.C. 2945.37.

{¶16} In *State v. Gooden*, 3rd Dist. Marion No. 9-06-17, 2006-Ohio-5387, cited by appellant, the defendant argued trial counsel rendered ineffective assistance because counsel allowed him to plead guilty and did not request a competency evaluation under R.C. 2945.371. After his guilty plea, the defendant filed a pro se motion requesting that he be sentenced to death upon learning the prosecution recommended a prison sentence of 13 years and two months. *Id.* at ¶ 25.

{¶17} The court of appeals acknowledged the questionable nature of the pro se motion, but concluded there was no additional evidence in the record to establish the need for a competency evaluation. *Id.* at ¶ 26. The Third District said "the trial court, which was particularly well-positioned to observe [the defendant's] demeanor and personally addressed [the defendant] at three separate hearings, did not at any time express concerns on the record regarding [the defendant's] mental competence." *Id.* Therefore, the court declined to find ineffective assistance of counsel. *Id; State v. McNeir*, 8th Dist. Cuyahoga No. 105417, 2018-Ohio-91, ¶ 28 (Trial court's conclusion that the defendant's confusion was a ruse did not result in error for failure to hold competency hearing where there was "nothing remaining in the record to show otherwise[.]").

{¶18} As in *Gooden*, here the trial court was in the best position to observe appellant's demeanor and was able to personally address him. The trial court did not express any concern about appellant's competency to enter his plea or his sanity. Further,

Case No. 2023-A-0028

there is nothing in the record before us which would suggest that appellant was not competent to enter his plea or was not sane at the time of his offense. Indeed, appellant's brief does not even suggest a basis for why we ought to conclude appellant was not competent to enter his plea or sane at the time of his offense. Appellant has failed to demonstrate that trial counsel rendered ineffective assistance of counsel.

{¶19} Accordingly, appellant's sole assignment of error is without merit.

{¶20} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


EUGENE A. LUCCI, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2023-A-0028