[Cite as *State v. Lowe*, 2025-Ohio-4635.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-L-037 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| DOUGLAS W. LOWE, | |
| Defendant-Appellant. | Trial Court No. 2024 CR 001359 |

## OPINION AND JUDGMENT ENTRY

Decided: October 6, 2025
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Adam Parker*, Goldberg Dowell & Associates, L.L.C., 323 West Lakeside Avenue, Suite 450, Cleveland, OH 44113 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1}  Defendant-appellant, Douglas W. Lowe, appeals from the judgment of the trial court, denying his request for a competency reevaluation.  For the following reasons, we affirm the judgment of the lower court.

{¶2}  On November 21, 2024, the Lake County Grand Jury indicted Lowe for Harassment with a Bodily Substance, a felony of the fifth degree, in violation of R.C. 2921.38(B); and Criminal Trespass, a misdemeanor of the fourth degree, in violation of R.C. 2911.21(A)(1).

{¶3}  Following arraignment, the court issued a judgment entry indicating that

Lowe's "competence to stand trial is in issue" and appointed a court psychologist to evaluate Lowe. The court subsequently ordered Lowe to remain at Central Ohio Behavioral for a 20-day competency evaluation.

{¶4} Dr. Andrew Philip submitted a December 20, 2024 report, in which he concluded that Lowe is able to appropriately interact with others, plan a legal strategy, and evaluate legal advice. Dr. Philip found that Lowe was able to identify the charges, plea options, courtroom personnel, and possible outcomes and penalties. The report indicated that Lowe's treating psychiatrist diagnosed him with antisocial personality disorder. Dr. Philip observed personality traits consistent with this disorder. He indicated that it was his opinion that Lowe "does not currently have evidence of a severe mental illness" and is capable of understanding the nature and objectives of the proceedings against him. The court issued a December 31, 2024 judgment entry, finding Lowe competent to stand trial.

{¶5} On February 6, 2025, a hearing was held at which there was discussion regarding Lowe's decision not to enter a plea. Lowe stated that there was a conflict of interest, ineffective assistance of counsel, and his speedy trial rights were violated. When the court began to discuss the jury trial, Lowe interjected: "Secure party creditor, living and breathing, man of the land. The debt you all seek is in debt to me so before I can pay you, you've got to pay me. I'm God. My authority is above everybody's authority in this room" and "[t]his hearing in court is nothing but a circus full of clowns."

{¶6} The court held a status hearing on February 10, 2025, at which it indicated: "Mr. Lowe's behavior in the courtroom the last time we saw him gave me some concern, so . . . I went back and read the competency evaluation." The court observed that "Mr.

Lowe from the moment I walked in was standing, interrupting the Court, and refused to stay in the court, so he voluntarily absented himself from this proceeding." Prior to leaving the hearing, Lowe indicated that he was being illegally detained and asked the officers to "arrest these imposters." The court concluded that Lowe's "behavior is not based on any mental health issue, it's based on his antisocial personality traits and it's the opinion of the Court based on the competency evaluation that I received in this matter."

{¶7} On the same date, defense counsel filed a motion seeking a competency reevaluation, observing that Lowe refused to meet with counsel, be formally processed into the jail, and wear clothing while in jail. The next day, the court held a hearing on the motion. The court noted that an evaluation was unsuccessfully attempted in October 2024, due to Lowe's lack of cooperation, but that he was evaluated and found competent in December. In support of Lowe's position, defense counsel indicated that Lowe had met with counsel only once and "was very argumentative," refused other attempts to meet, and exhibited erratic behavior. Counsel pointed to Lowe's statements that "he is God" and noted that "I believe he made those same comments to the medical examiners" at the time of the competency evaluation. Counsel believed Lowe's behavior had "gotten far more erratic" and his mental state had gone downhill in the past few months. While the court noted that Lowe had been disruptive and refused to attend certain hearings, it reiterated that Lowe's behavior "is based on his antisocial personality traits, not any issues with competence." The court observed that he used goal-oriented behavior like bribing jail employees to get extra food. It concluded that he was not given medications regularly while at the facility during his evaluation, "so this isn't someone who decompensated when he got back to the jail. He just refuses to cooperate." It found that

Case No. 2025-L-037

Lowe remained competent.

{¶8} Prior to trial, the State dismissed the Criminal Trespass charge. At trial, testimony established that Lowe spit on an officer. The jury found Lowe guilty of Harassment with a Bodily Substance and the court ordered him to serve a one-year prison term.

{¶9} Lowe timely appeals and raises the following assignment of error:

{¶10} "The Court Abused Its Discretion in Denying Appellant's Motion for a Competency Evaluation."

**Competency Evaluations**

{¶11} Lowe argues that the court erred in denying his request for a competency reevaluation given his erratic behavior and lack of cooperation with defense counsel.

{¶12} "Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial." *State v. Berry*, 72 Ohio St.3d 354, 359 (1995). To be competent to stand trial, a defendant must have a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960). "[A] defendant is presumed to be competent to stand trial, and the burden is on the defendant to prove by a preponderance of the evidence that he is not." *State v. Neyland*, 2014-Ohio-1914, ¶ 32.

{¶13} "[T]he court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial" and, "[i]f the issue is raised before the trial has commenced, the court shall hold a hearing on the issue." R.C. 2945.37(B). "If the issue of a defendant's competence to stand trial is raised . . . the court may order one or more

evaluations of the defendant's present mental condition . . ."  R.C. 2945.371(A).  "[W]hen the initial hearing on a competency motion is held, the trial court is only required to give the defendant, or his counsel, the chance to submit evidence on the issue."  *State v. Peric*, 2019-Ohio-1164, ¶ 27 (11th Dist.), citing *State v. Bailey*, 90 Ohio App.3d 58, 67 (11th Dist. 1992).  "If the evidence presented at that initial hearing 'raises a genuine question as to the defendant's competency, the court can order that one or more evaluations be performed.  If it does not, the court can find the defendant competent and proceed to trial.'"  *Id.*, citing *Bailey* at 67.  "[T]here is no one sign that triggers the need for a competency evaluation" but factors determined relevant to this issue include a defendant's irrational behavior, demeanor at trial, and "any prior medical opinion on competence to stand trial."  *State v. Lawson*, 2021-Ohio-3566, ¶ 70, citing *Drope v. Missouri*, 420 U.S. 162, 180 (1975).

{¶14}  "When the issue of a defendant's competency is raised, it is within the trial court's discretion whether an evaluation should be conducted."  *State v. Locke*, 2015-Ohio-1067, ¶ 102 (11th Dist.).  An abuse of discretion is the court's "'failure to exercise sound, reasonable, and legal decision-making.'"  *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004).

**Irrational Behavior and Antisocial Personality Disorder Diagnosis**

{¶15}  Lowe argues that the court failed to give weight to the evidence of his "irrational behavior" and gave "undue emphasis" to his antisocial personality disorder diagnosis.

{¶16}  In denying the request for a competency reevaluation, the trial court considered its past evaluation and Dr. Philip's report, which made detailed findings on

Case No. 2025-L-037

Lowe's ability to understand and participate in the proceedings. The court also noted how the antisocial personality disorder diagnosis helped explain some of Lowe's erratic behavior. While Lowe argues the court gave undue emphasis to this diagnosis, it was relevant to determine whether Lowe's behavior was due to incompetence or something else. When reviewed with all of the findings regarding Lowe's ability to understand and participate in the court proceedings, it helped explain that his decisions not to aid counsel were due to reasons other than incompetence to stand trial.

{¶17} Courts have found that antisocial personality disorder is a relevant factor supporting a competency finding and that such a diagnosis does not render a defendant incompetent. *State v. Williams*, 2003-Ohio-4164, ¶ 64 (diagnosis of antisocial personality disorder did not provide a basis to find a defendant incompetent to stand trial); *State v. Daniel*, 2016-Ohio-5231, ¶ 24 (8th Dist.) (finding a defendant competent where he was uncooperative with defense counsel, the court, and medical professionals, and the evaluation indicated he had antisocial personality disorder). Further, we recognize that "mental illness alone does not render a defendant incompetent." *State v. Bishop,* 2025-Ohio-1784, ¶ 18 (11th Dist.).

{¶18} Lowe also argues that the court failed to consider that, according to the prior competency report, a key criterion for a diagnosis of antisocial personality disorder was unknown: "evidence of conduct disorder in Mr. Lowe's youth." Dr. Philip's report indicated that, although Lowe's behavior was consistent with antisocial personality disorder, there was a lack of evidence regarding whether Lowe demonstrated behavior consistent with this disorder in his youth, a criterion for a diagnosis of antisocial personality disorder. It is not clear if that information was available to the treating psychiatrist who diagnosed

Lowe. We observe that the parties stipulated to Dr. Philip's report and finding in December 2024 and defense counsel did not raise concerns relating to whether Lowe was properly diagnosed with antisocial personality disorder at that time.

{¶19} Regardless, it is not necessary that a specific diagnosis be made to find that Lowe was competent. The court considered this information as a reason explaining the behavior that defense counsel expressed concern about and it aided in a determination that this behavior was not due to incompetence. There is no question that Dr. Philip opined Lowe was competent to stand trial, which he supported with various findings demonstrating Lowe understood the legal process. Lowe's outbursts and erratic behavior alone do not render him incompetent to stand trial since "[i]ncompetency must not be equated with mere mental or emotional instability." (Citations omitted.) *State v. Zeigler*, 2024-Ohio-2953, ¶ 19 (11th Dist.). A defendant with mental or emotional instability can "still be capable of understanding the charges against him and of assisting his counsel." *State v. Bock*, 28 Ohio St.3d 108, 110 (1986). The trial court "was in the best position to observe appellant's demeanor" and consider this behavior in conjunction with the other evidence relating to competency. *State v. Nickoson*, 2023-Ohio-3755, ¶ 18 (11th Dist.).

{¶20} Lowe also argues that the United States Supreme Court's decision in *Drope*, *supra*, "relied almost entirely on evidence of the defendant's irrational behavior in finding that the trial court should have conducted further inquiry into his competency." In *Drope*, the court found that evidence relating to changes in the defendant around the time of trial, including a suicide attempt, warranted further inquiry on the issue of competence. 420 U.S. at 179-180. In the present matter, however, it appears that Lowe's conduct was consistent throughout the proceedings, as his competency was questioned even in the

Case No. 2025-L-037

municipal court and immediately following the indictment. The court could rely on the prior evaluation and competency decision, in conjunction with its observations, to determine that a reevaluation was not necessary nor would it change the finding on competence. *See State v. Deloney*, 2025-Ohio-2458, ¶ 61 (1st Dist.) (since no prior competency finding existed in *Drope*, the court had different considerations before it whereas, in a case where a competency determination had already been made, "the court asks whether any *change* or *new data* suggest that the defendant has *lost* the competency he was previously found to have").

**Prior Competency Evaluation**

{¶21} Lowe also argues that the court abused its discretion in assuming that he remained competent because he was previously found competent, since a defendant's competency is "not static and may change over even a short period of time." *United States v. Ghane*, 593 F.3d 775, 779 (8th Cir. 2010).

{¶22} We do not find the trial court abused its discretion by deciding that the previous competency evaluation and determination were still applicable. While defense counsel argued that Lowe's mental health had declined in the less than two months after those were completed, it appears that Lowe's behavior was relatively consistent throughout the proceedings. In October 2024, the municipal court noted Lowe's lack of cooperation in the evaluation procedure and Dr. Rindsberg's recommendation that staff be informed of Lowe's "volatility." This lack of cooperation continued with the court and his counsel in the following months. Further, at a November 2024 hearing, Lowe interrupted the court, used expletives, and was removed from the court, conduct that also occurred at various hearings. As defense counsel noted at the February competency

Case No. 2025-L-037

hearing, even at the time of the evaluation in December, Lowe made comments such as that "he is God." The first evaluation was conducted just a few months before the second evaluation was requested and there is nothing in the record to demonstrate a specific incident or occurrence that would have changed the findings made in December. We find no error in determining that there was not a change warranting a finding that Lowe lost competency or that another evaluation was needed to further investigate this issue. See *Deloney* at ¶ 61.

{¶23} The sole assignment of error is without merit.

{¶24} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed. Costs to be taxed against the appellant.


ROBERT J. PATTON, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-L-037

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignment of error is without merit. The order of this court is that the judgment of the Lake County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE SCOTT LYNCH


_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs


_____
JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-L-037