[Cite as *State v. Sanders-Frye*, 2012-Ohio-934.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97443**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## AMINA SANDERS-FRYE

DEFENDANT-APPELLANT

**JUDGMENT:**
**CONVICTIONS AFFIRMED; SENTENCE VACATED IN PART**
**AND REMANDED FOR RESENTENCING**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-531081

**BEFORE:** Kilbane, J., Rocco, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 8, 2012

**ATTORNEY FOR APPELLANT**

Donald Gallick
190 North Union Street, #102
Akron, Ohio 44304

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Mary Court Weston
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Amina Sanders-Frye ("Sanders-Frye"), appeals her convictions and sentence. Finding merit to the appeal, we affirm her convictions, but vacate her sentence in part and remand for resentencing.

{¶2} In November 2009, Sanders-Frye was charged with two codefendants in an 11-count indictment. Counts 1-6 charged her with robbery, Counts 7-8 charged her with child endangering, and Counts 9-10 charged her with contributing to the unruliness of a child. Count 11 charged her with possessing criminal tools and carried a forfeiture specification. The matter proceeded to a jury trial, at which the following evidence was adduced.

{¶3} On November 10, 2009, Jennifer Rivera ("Rivera") was working as a loss prevention manager for Macy's Department Store at Parmatown Mall in Parma, Ohio. As she watched the security camera videos in the loss prevention office, she noticed suspicious behavior by a juvenile male. She observed the juvenile male in the men's cologne department. He picked up a boxed cologne set and a messenger bag that came with the cologne. He placed the messenger bag across his body and held the boxed cologne set in his hand. The messenger bag had a large price tag attached to it. Rivera also observed the juvenile male walk to the young men's department and take several baseball caps.

{¶4} At this point, Rivera and her coworker, Julie Marinin, a loss prevention agent for Macy's, were trying to determine if this juvenile was with an adult. They continued monitoring the security cameras and first observed him interacting with a juvenile female, who was later identified to be his sister. They observed this juvenile female with an adult female, who was later identified as Sanders-Frye. Sanders-Frye made a purchase at a register, while the juvenile male was in the young men's department. Sanders-Frye gave the shopping bag containing her purchase to the juvenile female. Both of them then walked over to the juvenile male. They were all standing by a display rack of clothes, when the juvenile female handed the juvenile male the shopping bag, who then placed the cologne set and all of the baseball caps into the shopping bag. He continued to wear the messenger bag across his body.

{¶5} Rivera testified that it appeared as though the juvenile male then showed Sanders-Frye the unpaid merchandise he put in the shopping bag. The three of them then left the young men's department and proceeded to exit the store. Once Sanders-Frye and her two children passed all points of purchase, Rivera and Marinin ran after them. They approached Sanders-Frye and her two children before they exited through the second set of doors. Rivera and Marinin escorted them back into the store and the children placed the bag with the unpaid merchandise and the messenger bag on the floor. The group then turned to leave, but Rivera advised that they needed to come to the loss prevention office to complete paperwork. Sanders-Frye refused to cooperate. Then Macy's loss prevention agent, Kevin Brown ("Brown"), came to assist Rivera and Marinin by

attempting to handcuff Sanders-Frye. Sanders-Frye resisted and the two of them struggled with each other, ending up on the ground. Sanders-Frye pushed and kicked Brown. Her children were also kicking Brown and screaming, "[g]et off my mom." Rivera then called the Parma Police Department.

{¶6} At that point, another female, later identified as Sanders-Frye's mother, Diana Burton, entered the store, pushed Rivera out of the way, and asked, "[w]hat are you doing to [Sanders-Frye]?" Sanders-Frye's husband, Donald Curtis, also entered the store. He told Brown to "[g]et off his wife," and punched Brown in the face. The entire group then exited the store and attempted to leave in a vehicle. By that time, the Parma police arrived on the scene and blocked the vehicle.

{¶7} Through their investigation, the Parma police learned that Sanders-Frye's purse contained credit cards in her name and the names of other individuals. Sanders-Frye had a credit card of a male who resided in Chicago, Illinois. This individual did not open this credit card account. Sanders-Frye's purse contained a receipt indicating that this credit card was used to purchase a Macy's gift card at the Macy's located in the Great Lakes Mall in Mentor, Ohio. Sanders-Frye used this gift card to purchase merchandise at the Parmatown Mall Macy's during the incident. The police found the gift card in the shopping bag when they stopped Sanders-Frye.

{¶8} At the close of the State's case, the trial court dismissed Counts 3, 5, and 6. The jury found Sanders-Frye not guilty of Count 4 (robbery) and guilty of Counts 1 and 2 (robbery), Counts 7 and 8 (child endangering), Counts 9 and 10 (contributing to the

unruliness of a child), and Count 11 (possession of criminal tools with forfeiture specification). The trial court sentenced Sanders-Frye to two years community control sanction on Counts 1, 2, and 11 and 180 days in prison on Counts 7, 8, 9, and 10. The trial court suspended Sanders-Frye's prison sentence and ordered that all counts be served concurrently.

{¶9} Sanders-Frye now appeals, raising the following four assignments of error for review.

## ASSIGNMENT OF ERROR ONE

Defendant's [Crim.R. 29] motion should have been granted as to all counts, as the testimony fails to meet the burden of production that appellant knowingly participated in a theft offense.

## ASSIGNMENT OF ERROR TWO

Defendant's convictions are against the manifest weight of the evidence because it was not proven beyond a reasonable doubt that defendant knowingly participated in a theft offense.

## ASSIGNMENT OF ERROR THREE

Defendant suffered prejudice when the trial court admitted improper evidence of prior bad acts, in violation of [Evid.R. 404(B)], over the objection of counsel.

## ASSIGNMENT OF ERROR FOUR

It was plain error when the trial court failed to merge the three robbery convictions because [they] were allied offense which resulted from a single animus.

<u>Sufficiency and Manifest Weight of the Evidence</u>

**{¶10}** In the first assignment of error, Sanders-Frye argues the State failed to present sufficient evidence that she knowingly participated in a theft offense. She claims there was insufficient evidence to demonstrate that she knew her children were shoplifting. As a result, she contends that all of her convictions must be reversed. For this same reason, she further argues that her convictions are against the manifest weight of the evidence.

**{¶11}** The Ohio Supreme Court in *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565, ¶ 113, explained the standard for sufficiency of the evidence as follows:

> Raising the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law invokes a due process concern. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. In reviewing such a challenge, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

**{¶12}** With regard to a manifest weight challenge, the Ohio Supreme Court in *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25, has stated that the

> reviewing court asks whose evidence is more persuasive — the state's or the defendant's? * * * "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." [*Thompkins* at 387],

citing *Tibbs v. Florida* (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652.

{¶13}   Moreover, an appellate court may not merely substitute its view for that of the jury, but must find that "'in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"   *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983). Accordingly, reversal on manifest weight grounds is reserved for "'the exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*, quoting *Martin*.

{¶14} Sanders-Frye was convicted of robbery under R.C. 2911.02(A)(2) and (3), which provides that:

> (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * *
>
> (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
>
> (3) Use or threaten the immediate use of force against another.

{¶15} In addition to reviewing witness testimony, this court reviewed the security video from Macy's, which the jury also had the opportunity to view.   This video contains footage from several different security cameras.   It shows Sanders-Frye making a purchase and then handing her shopping bag, which was not full, to her daughter.   It also shows her son take a boxed set of cologne, a large messenger bag, and several hats. Sanders-Frye and her daughter then walk over to her son, who is standing by a display rack of clothes.   Sanders-Frye's daughter then hands the shopping bag to her brother,

who places the hats into the shopping bag, which now appears full. Her son was also wearing the messenger bag, which had a large price tag attached to it. It then appears as though Sanders-Frye's son showed her the unpaid merchandise in the shopping bag and the three of them attempted to exit the store when they were stopped by loss prevention agents. Sanders-Frye then fought with the loss prevention officers when they attempted to detain her.

{¶16} The record also reveals that a fraudulent credit card was used to purchase a Macy's gift card. Sanders-Frye used this gift card to purchase merchandise at the Parmatown Mall Macy's. This evidence coupled with the video and the fact that Sanders-Frye's children were eight and ten years old at the time of the incident is sufficient for any rational trier of fact to conclude that Sanders-Frye knowingly committed a theft offense. As a result, the State presented sufficient evidence to sustain her convictions. Furthermore, based on the foregoing, we cannot say the jury clearly lost its way and created such a manifest miscarriage of justice that her convictions must be reversed and a new trial ordered. *Martin,* 20 Ohio App.3d at 175, 485 N.E.2d 717.

{¶17} Accordingly, the first and second assignments of error are overruled.

Other Acts Evidence

{¶18} In the third assignment of error, Sanders-Frye argues that she was prejudiced when the trial court allowed testimony that she was engaged in credit card fraud and identity theft in Ohio and Illinois. She claims that this evidence pushed the jury "over

the edge" to their guilty verdicts because Sanders-Frye may not have known that her children were stealing merchandise while she was making her purchase.

{¶19} "The admission of [other acts] evidence lies within the broad discretion of the trial court, and a reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion that has created material prejudice." *Diar,* 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565, at ¶ 66, citing *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶20} Evid.R. 404(B) provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *See also* R.C. 2945.59.

{¶21} Sanders-Frye argues that the trial court erred when it allowed Parma police officer Patrick Suchan ("Suchan") and Parma police detective Thomas Connor ("Connor") to testify about Sanders-Frye's connection to identity fraud. Suchan testified that Sanders-Frye's purse contained credit cars in her name and in the names of other individuals. Her purse also contained gift cards and several receipts. Sanders-Frye had a credit card of a male who resided in Chicago, Illinois.

**{¶22}** Connor testified that this individual did not open this credit card account. Sanders-Frye's purse contained a receipt indicating that this credit card was used to purchase a Macy's gift card at the Macy's located in the Great Lakes Mall in Mentor, Ohio. Sanders-Frye used this gift card to purchase merchandise at the Parmatown Mall Macy's during the incident.

**{¶23}** In *State v. Foster*, 8th Dist. No. 95209, 2011-Ohio-2781, ¶ 53, we stated that:

> Evid.R. 404(B), by its very terms, "excludes only extrinsic evidence — 'evidence of other crimes, wrongs, or acts' — whose probative value exclusively depends upon a forbidden inference of criminal propensity." *U.S. v. Manning* (C.A.1, 1996), 79 F.3d 212, 218, cert. denied, (1996), 519 U.S. 853, 117 S.Ct. 147, 136 L.Ed.2d 93. Thus, "[e]vidence intrinsic to the crime for which the defendant is on trial * * * is not governed by Rule 404(b)." *Id.* (discussing the federal rule, which is nearly identical to the Ohio rule).

**{¶24}** In *State v. Watson*, 28 Ohio St.2d 15, 275 N.E.2d 153 (1971), the Ohio Supreme Court reviewed the admissibility of other acts evidence involving a defendant seen with a gun. The court stated that the

> general rule of exclusion does not apply where the evidence of another crime is relevant and tends directly * * * to prove * * * [the] accused's guilt of the crime charged, or to connect him with it, or to prove some particular element or material fact in such crime; and evidence of other offenses may be received if relevant for any purpose other than to show mere propensity or disposition on [an] accused's part to commit the crime. *Id.* at 21, quoting 22A Corpus Juris Secundum, Criminal Law, Section 683 (1962).

**{¶25}** The *Watson* Court went on to say:

> Stated another way, * * * 'The general tests of the admissibility of evidence in a criminal case are: * * * does it tend logically, naturally, and by reasonable inference to establish any fact material for the people, or to

overcome any material matter sought to be proved by the defense? If it does, then it is admissible, whether it embraces the commission of another crime or does not, whether the other crime be similar in kind or not, whether it be part of a single design or not.' *People v. Peete* (1946), 28 Cal.2d 306, 314, 169 P.2d 924, 929. *Id.*

{¶26} The evidence introduced in the instant case regarding the credit card and illegally procured Macy's gift card was not introduced to provide "a forbidden inference of criminal propensity." That is, it was not introduced to prove that Sanders-Frye was engaged in credit card fraud. Rather, the evidence was offered to demonstrate Sanders-Frye's knowledge of an ongoing course of theft conduct. In *State v. Smith*, 49 Ohio St.3d 137, 141, 551 N.E.2d 190 (1990), the Ohio Supreme Court explained that "[e]vidence of extrinsic acts may be used to prove intent or guilty knowledge when it is a genuine issue in a case. The acts should tend to prove that the accused understood the wrongful nature of his act by virtue of the fact that he committed prior or subsequent wrongful acts." *Id.*, citing *State v. Greer*, 66 Ohio St.2d 139, 420 N.E.2d 982 (1981). It's also evidence of absence of any mistake or accident on Sanders-Frye's behalf. It demonstrates that the shoplifting by her children did not occur in isolation. Sanders-Frye knew that her children were shoplifting at Macy's while she purchased merchandise with an illegally procured gift card.

{¶27} Therefore, the third assignment of error is overruled.

### Merger

{¶28} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court redefined the test for determining whether two offenses are

allied offenses of similar import subject to merger under R.C. 2941.25.[1]  The *Johnson*

court expressly overruled *State v. Rance*, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d

699, which required a "comparison of the statutory elements in the abstract" to determine

whether the statutory elements of the crimes correspond to such a degree that the

commission of one crime will result in the commission of the other.

{¶29} The *Johnson* court held that rather than compare the elements of the crimes

in the abstract, courts must consider the defendant's conduct.  *Id*. at syllabus.  The

*Johnson* court found:

> In determining whether offenses are allied offenses of similar import
> under R.C. 2941.25(A), the question is whether it is possible to commit one
> offense and commit the other with the same conduct, not whether it is
> possible to commit one without committing the other.   * * *
>
> If multiple offenses can be committed by the same conduct, then the
> court must determine whether the offenses were committed by the same
> conduct, i.e., "a single act, committed with a single state of mind."   [*State*]
> *v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50,
> (Lanzinger, J., dissenting).
>
> If the answer to both questions is yes, then the offenses are allied
> offenses of similar import and will be merged.

---

[1]R.C. 2941.25 governs allied offenses and provides:

(A) Where the same conduct by defendant can be construed to
constitute two or more allied offenses of similar import, the indictment
or information may contain counts for all such offenses, but the
defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of
dissimilar import, or where his conduct results in two or more offenses
of the same or similar kind committed separately or with a separate
animus as to each, the indictment or information may contain counts
for all such offenses, and the defendant may be convicted of all of them.

Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge. *Id*. at ¶ 48-50.

**{¶30}** A review of the record reveals that there was no discussion of the merger of allied offenses at sentencing. The Ohio Supreme Court has found that the failure to merge allied offenses of similar import constitutes plain error. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31, citing *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

**{¶31}** In the instant case, the trial court sentenced Sanders-Frye to two years community control sanctions on Count 1 (robbery in violation of R.C. 2911.02(A)(2)) and two years community control sanction on Count 2 (robbery in violation of R.C. 2911.02(A)(3)), to be served concurrent to each other. As stated above, R.C. 2911.02 provides that:

(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * *

(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;

(3) Use or threaten the immediate use of force against another.

**{¶32}** Here, both counts identify the victim as Brown. The State relied on the same conduct to prove Sanders-Frye's guilt for each count of robbery, but under different

subsections of the statute. Sanders-Frye's conduct of participating in the theft of merchandise from Macy's and then pushing and kicking Brown were all part of a single transaction with a single intention. "Where there is only one victim and one single continuous transaction, the trial court erred in not merging the kidnapping, aggravated robbery, and the theft charges." *State v. Cook*, 8th Dist. No. 95987, 2011-Ohio-5156, ¶ 43. Thus, both robbery counts (Count 1 and 2) should be merged into a single count for sentencing.

{¶33} Accordingly, the fourth assignment of error is sustained. Sanders-Frye's sentence on both Count 1 and Count 2 is vacated, and the matter is remanded for a sentencing hearing, at which the State will elect which allied offense it will pursue against Sanders-Frye. *See State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, paragraph two of syllabus.

{¶34} Thus, Sanders-Frye's convictions are affirmed, her sentence is vacated in part, and the case is remanded for further proceedings on merger of allied offenses and resentencing.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

KENNETH A. ROCCO, P.J., and
EILEEN A. GALLAGHER, J., CONCUR